Montejo agt. Owens.

# U. S. CIRCUIT COURT.

FRANCISCO J. MONTEJO and another agt. THOMAS J. OWENS
and others.

*Action upon a judgment — Equitable defenses not available in United States
circuit court — Answer — Demurrer.*

In a suit upon a judgment brought in a court of record of the state of
New York, an equitable defense would be available by way of answer,
if sufficient in substance to entitle the party to relief against the judg-
ment.

But in the circuit court of the United States equitable defenses are not
now available in common law actions.

Where the action is at common law and the defense is substantially an
action in equity, it cannot, because it assumes the guise of an answer
or defense under the state law, escape from the control of the laws of
the United States as to the modes of enforcing equitable rights.

The jurisprudence of the United States has recognized the distinction
between legal and equitable rights and suits as one of substance, as
well as of form and procedure.

*Southern District of New York, September,* 1877.

THIS case comes up on demurrer interposed by the plaintiffs
to the defendants' answer. The action is brought on a judg-
ment recovered by the former against the latter in the city
of New Orleans. The present action was commenced by a
*capias* in this court claiming $16,130.16 with interest. The
complaint sets up as its cause of action, the recovery of the
New Orleans judgment. The defendants do not deny the
recovery of the judgment or attempt to plead payment or
satisfaction, but attempt to impeach the judgment by an
answer setting forth matters which are not defenses at com-

mon law against the judgment, but which are-claimed to give the defendants an equitable right to prevent the enforcement of the judgment.

*Granville P. Hawes*, for plaintiff. The defendants cannot set up an equitable defense in an action at law.in this court. The fundamental and structural distinction between the powers of courts of law and equity preserved by the Constitution of the United States has always been recognized in this court. This court, sitting as a court of law, has no jurisdiction to administer equitable relief, and it can make no difference whether the relief is sought affirmatively by plaintiff or invoked by a defendant. An equitable claim, however strong it may be, cannot be set up at law to defeat the legal title (*Lessee of Baird* agt. *Wolf*, 4 *McLean*, 552). A reference to the legislation and decisions previous to the act of 1872 not only sustains this position but determines the construction of that act. To effectuate the purposes of the legislature from 1789 down to 1818 the remedies in the courts of the United States are to be at common law or equity, *not according to the practice of state courts* but according to the principles of common law and equity as distinguished and defined in that country from which we derive our knowledge of these principles (*Robinson* agt. *Campbell*, 3 *Wheat.*, 212; *Loring* agt. *Donner*, *McA.*, 360; *Jones* agt. *McMaster*, 20 *How.*, 22; *Bennett* agt. *Butterworth*, 11 *id.*, 666; *Thompson* agt. *Railroad Companies*, 6 *Wall.*, 134; *McFaul* agt. *Ramsey*, 20 *How.*, 526; *Myers* agt. *Grier*, *McA.*, 401, 402; *Fenn* agt. *Holme*, 21 *How.*, 481). It must be conceded on these authorities that previous to the act of 1872 the defense set up in this action would be a nullity in a common-law court. The act of 1872 has not.changed this rule; and this is apparent both from the words of the statute and from the purpose which called for its passage (*R. S.* [ *U. S.* ], *section* 914). That the statute has not extended the jurisdiction of common-law courts or attempted to abolish the distinction between legal

and equitable remedies, but refers only to the technical forms of procedure, is apparent from the cases which have been decided under it (1 *Abb.* [*U. S.*] *Prac., p.* 249 ; *Republic Ins. Co.* agt. *Williams,* 3 *Bis.,* 371 ; *Blease* agt. *Garlington,* 2 *Otto,* 1, 8).

*Coudert Brothers,* for defendants. *F. R. Coudert,* of counsel. Such an answer as this, in precisely such a case as this, is a good answer under the decisions of the highest courts in this state (*Dobson* agt. *Pearce,* 12 *N. Y.,* 156 ; *Reigal* agt. *Wood,* 1 *J. C. R.,* 402 ; *McDonald* agt. *Neilson,* 2 *Cow. Rep.,* 139 ; *Duncan* agt. *Lyon,* 3 *J. C. R.,* 351 ; *Marine Ins. Co. of Alexandria* agt. *Hodgson,* 6 *Cranch,* 206 ; *Shottenkirk* agt. *Wheeler,* 3 *J. C. R.,* 275). This being an action at law the act of 1872 applies ; and as the pleading in question would be a proper pleading in " a like case " in the supreme court of this state, it is also a proper pleading in this court.

JOHNSON, *J.* — This case comes up on a demurrer by the plaintiffs to the answer of the defendants.

The action is upon a judgment rendered by the circuit court of the United States for the district of Louisiana in favor of the present plaintiffs against the present defendants.

The answer sets up a variety of matters which are not defenses at common law against the judgment, but which are claimed to give the defendants an equitable right to prevent the enforcement of the judgment.

These matters the defendants insist are available to them as a defense in this suit by force of section 914 of the Revised Statutes of the United States.

That section prescribes that " the practice, pleadings and forms and modes of proceeding in civil causes other than equity and admiralty causes in the circuit and district courts, shall conform as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the state within which

Montejo agt. Owens.

such circuit or district courts are held, any rule of courts to the contrary notwithstanding."

It must be assumed that in a suit upon a judgment brought in a court of the state of New York the defense set up in the answer in this suit, would be available by way of answer if sufficient in substance to entitle the party to relief against the judgment. Such is the known and established law of procedure in the state of New York, introduced by sections 69, 150 and 167 of its Code of Procedure. The first of these abolishes the distinction between actions at law and suits in equity, and the forms of all such actions and suits theretofore existing and declares that thereafter there shall be in that state but one form of action. The next section cited enacts that the defendant may set forth by answer as many defenses and counter-claims as he may have, whether they be such as had been theretofore denominated legal or equitable or both.

The last section named enacts that the plaintiffs may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable or both, under certain specified conditions.

These sections of the Code deal with claims legal and equitable, and defenses legal and equitable set up by answer and counter-claims of both characters.

In pursuance of the policy thus indicated, section 274 provides that judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may determine the ultimate rights of the parties as between themselves, and it may grant to the defendant any affirmative relief to which he may be entitled. It is of course obvious that this system, while it undertakes to provide for the means of administering indiscriminately legal and equitable remedies in substance founded upon legal and equitable rights, completely ignores all the former schemes of procedure founded on the recognition of their differences.

Now, from the provisions of section 914· of the United

Montejo agt. Owens.

States Revised Statutes, which is already set forth, equity and admiralty causes are completely excluded in terms. That section does not relate to them except to effect such exclusion. The jurisprudence of the United States has recognized this distinction in numerous cases, as one of substance as well as of form and procedure (*Robinson* agt. *Campbell*, 3 *Johnston*, 212; *Bennett* agt. *Butterworth*, 11 *Howard*, 669; *McFaul* agt. *Ramsey*, 20 *id.*, 526; *Jones* agt. *Howard*, *id.*, 22; *Fenn* agt. *Holme*, 21 *id.*, 481; *Thompson* agt. *Railroad Co.*, 6 *Wallace*, 134). In the last case cited Mr. justice DAVIS says, giving the opinion of the court, " the Constitution of the United States and the acts of congress recognize and establish the distinction between law and equity.

" The remedies in the courts of the United States are at common law or in equity, not according to the practice of state courts, but according to the principles of common law and equity as distinguished and defined in that country from which we derive our knowledge of these principles. And although the forms of proceedings and practice in the state courts shall have been adopted in the circuit courts of the United States, yet the adoption of the state practice must not be understood as confounding the principles of law and equity, nor as authorizing legal and equitable claims to be blended together in one suit." In the case of *Bennett* agt. *Butterworth*, above cited, chief-justice TANEY said, " The Constitution of the United States in creating and defining the judicial power of the general government, establishes this distinction between law and equity; and a party who claims a legal title must proceed at law, and may undoubtedly proceed according to the forms of practice in such cases in the state courts. But if the claim is an equitable one he must proceed according to the rules which this court has prescribed regulating proceedings in equity in the courts of the United States." That these discriminations between legal and equitable rights and suits are substantial in the jurisprudence of the United States, is further apparent from provisions of the statute

law, as well as from the decision of the courts. Under section 721 of the Revised Statutes the laws of the several states with certain exceptions, must be regarded as rules or decisions in trials at common law in the courts of the United States, in cases where they apply, while, on the other hand, the law of equity in the courts of the United States is one and the same in every state, not dependent upon local law.

" Wherever a case in equity may arise and be determined under the judicial power of the United States, the same principles of equity must be applied to it, and it is for the courts of the United States and for the supreme court as the last resort to decide what those principles are, and to apply such of them to each particular case as they may find justly applicable thereto " (*Neves* agt. *Scott*, 13 *How.*, 270). Nor are the statutes silent as to the forms and modes of procedure in suits of equity. Section 913 of the Revised Statutes declares that they shall be according to the principles, rules and usages which belong to courts of equity, except as modified by statute or rules made in pursuance of statute or by the supreme court.

That court has accordingly prescribed a body of rules regulating very largely and comprehensively the practice in equity.

It is claimed that, inasmuch as the present action is one to enforce a judgment, and therefore not an equity cause, the procedure is to be conformed to that of the state courts upon such a cause of action; and that, as those courts allow an equitable right to set aside or restrain the execution of such a judgment by way of answer, the courts of the United States must conform to that rule.

But this is a mere confusion of names. This so-called defense is an affirmative equitable right to the relief asked. It, under the cases and statutes cited, is to be admitted under the equitable principles, and according to the equitable procedure of the courts of the United States. In that respect the procedure cannot be conformed to the state practice with-

Montejo agt. Owens.

but overthrowing the whole scheme for the administration of equity in the courts of the United States. The action is at common law; the defense is substantially an action in equity, and it cannot, because it assumes the guise of an answer or defense under the statute law, escape from the control of the laws of the United States as to the modes of enforcing equitable rights.

The demurrer must be sustained, and judgment given for the plaintiff, with leave to defendants to amend on payment of costs within twenty days.