NICKERSON and others *v.* ATCHISON, T. & S. F. R. Co. and others.[1]

*(Circuit Court, D. Kansas. June, 1880.)*

1. EQUITY — PRACTICE IN UNITED STATES CIRCUIT — AGREED FACTS WITHOUT PLEADING — REV. ST. U. S. § 913.
     This court will not take cognizance of a case in equity, in which parties agree upon a statement of facts, and stipulate that the court shall take jurisdiction, try the cause, and render decree without pleadings.

2. SAME — PRACTICE IN STATE COURTS — COMP. LAWS KAN. CH. 80.
     The statute of Kansas, authorizing such a proceeding in the courts of that state, confers no jurisdiction upon this court, sitting as a federal court of equity, nor does it change the chancery practice in this court in any respect.
(*Syllabus by the Court.*)

In Equity.
*Ross Burns* and *A. A. Hunt*, for plaintiffs.
*Geo. R. Peck*, for defendants.

McCRARY, J. A stipulation has been filed, signed by the parties to this controversy, setting forth an agreed statement of facts, and consent-

---

[1] This case was inadvertently overlooked when filed, and is now published at the request of a subscriber. See 17 Fed. Rep. 408.

ing that the court may take jurisdiction, hear, try, and determine the case, and render decree without pleadings. Section 913 of the Revised Statutes of the United States provides that "the forms and modes of proceeding in suits of equity, * * * in the circuit and district courts, shall be according to the principles, rules, and usages which belong to courts of equity, * * * except when otherwise provided by statute or by rules of court, made in pursuance thereof." It is well settled that this statute adopts the equity practice as it existed in England at the time of the passage of the judiciary act. I am not aware of anything in that practice that would authorize the institution of a proceeding in equity, by the filing in court of such a stipulation as that now before me. I take it to be well settled that the practice in a court of equity is regulated by law or rule and cannot be varied by the agreement of the parties. This court cannot be constituted a board of arbitration, in the absence of a law of the United States to authorize such a proceeding. We are referred to a statute of Kansas, which seems to authorize such a proceeding in the courts of that state, (Comp. Laws Kan. c. 80;) but it is clear that the jurisdiction and practice of this court as a court of equity is not affected by that statute. *Boyle* v. *Zacharie*, 6 Pet. 658; *U. S.* v. *Howland*, 4 Wheat. 115; *Neves* v. *Scott*, 13 How. 271; *Noonan* v. *Lee*, 2 Black, 507; *Robinson* v. *Campbell*, 3 Wheat. 323.

The application is overruled.

FOSTER, J., concurs.