### In re KARNS.

(District Court, S. D. Ohio, W. D. November 27, 1905.)

BANKRUPTCY—JURISDICTION OF COURT—WAGES EARNED AFTER BANKRUPTCY.
  Wages earned by a bankrupt after his adjudication belong to him, and are not a part of his estate in bankruptcy, and the court of bankruptcy has no jurisdiction to take action against a creditor who has wrongfully collected such wages on an assignment made prior to the bankruptcy; the remedy being an action by the bankrupt for their recovery.

  [Ed. Note.—For cases in point, see vol. 6, Cent. Dig. Bankruptcy, §§ 410, 625, 191.

  Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 343.]

In Bankruptcy. On motion for a rule for contempt.

Deal & Orebaugh, for petitioner.
K. H. Caldwell, for defendant.

THOMPSON, District Judge. October 7, 1904, Karns, an employé of the Norfolk & Western Railway Company, for a valuable consideration, assigned to the Boyd Investment Company his future wages, to the amount of $67.50. Prior to April, 1905, $32.50 had been paid to the Boyd Investment Company out of Karns' wages. In April, 1905, Karns was adjudicated a bankrupt. After the adjudication, and on August 10, 1905, the railway company paid the Boyd Investment Company, out of the wages earned by Karns in July, 1905, the further sum of $35, being the balance due upon the assignment. Boyd at the time of the last payment knew that Karns had been adjudicated a bankrupt. August 26, 1905, a motion was filed by the bankrupt for an order requiring the Boyd Investment Company to show cause why it should not be punished for con-

tempt of court for collecting the said $35 from the Norfolk & Western Railway Company.

The lien, equity, or title of the Boyd Investment Company, under the assignment, could only attach as the wages became due. Before the July wages became due, Karns had been adjudicated a bankrupt, and he was afterwards discharged by the bankruptcy court from his debts, including the debt due the Boyd Investment Company; the discharge relating back to the date of the filing of the petition in bankruptcy. His earnings, after the adjudication in bankruptcy, belonged to him; but debts thereafter contracted, prior to the granting of the discharge, were not released. In Mitchell v. Winslow, 2 Story, 630, 17 Fed. Cas. 527, the creditor had taken possession, under the terms of the contract, of property not in existence when the contract was made, before the petition in bankruptcy was filed. In this case the equity, lien, or title had not attached to the July wages and the debt due was an unsecured claim entitled to its distributive share of the estate of the bankrupt; the estate being the property belonging to him at the date of the filing of the petition in bankruptcy. The bankrupt has a right of action to recover the $35 from the railway company and the Boyd Investment Company, which, however, must be prosecuted in the state courts. The July wages were not a part of the estate being administered in bankruptcy, and this court has no power to compel the Boyd Investment Company to pay the money into this court, nor to Karns.

The motion for a rule to show cause will be overruled.