## ROWE v PUBLIC FINANCE CO

Ohio Appeals, 1st Dist, Hamilton Co
No 3667. Decided June 2, 1930

John W. Cowell and Stuart E. Fletcher, both of Cincinnati, for Rowe.

H. Henry Sunderman, Cincinnati, for Finance Co.

and not in contemplation of or in fraud upon the provisions of this title, and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by anything herein."

Is a wage assignment a lien upon the future wages or earnings of the plaintiff in error within the meaning of sub-section D of Section 107 of the Bankruptcy Act?

The cases are not uniform on the question in so far as the State Courts are concerned. The Federal decisions are to the effect that the wage assignment does not create a lien on wages to be earned in the future; that wages to be earned are not property, and there can be no lien on what does not exist. In Re West, 128 Fed. Rep. 205. In Re Lineberry, 183 Fed. Rep. 338. In Re Home Discount Co., 147 Fed., 538.

In the case of In Re Home Discount Co., supra, the court made the pronouncement that an assignment of wages did not create an existing lien within the terms of the Bankruptcy Act, exempting valid and existing liens from the operation of a discharge in bankruptcy.

While it is true in the Discount Company case, the court found that under the laws of Alabama, the assignment was contrary to public policy and void, it did state the proposition above quoted.

To the same effect is the decision in the United States District Court, Southern District of Ohio, in the case of In Re Karns, 16 American Bankruptcy Reports, 841.

It is argued that the statute of Ohio legalizing the assignment of future earnings or wages will not be affected by the Bankruptcy Act, since the State law is not in conflict with the Act.

We can not accede to the proposition that the section of the statute, 6346-7 GC, is not in conflict with the Bankruptcy Act.

Sec 6346-7 GC, provides among other things:

"No assignment of any salary, wages or earnings, or any part thereof **given to secure a loan** x x x x x Any assignment of wages, salary or earnings, made in accordance with the provisions of this section shall bind the wages, salary or earnings **earned or to be earned by the assignor until the loan secured by such assignment and interest thereon is fully paid. x x x**"

We have, therefore, the situation that a loan was made by the Finance Company to the plaintiff in error; that to secure the

## HAMILTON, J.

Section 35, Title 11, of the Bankruptcy Act, (U. S. Code Compact Edition), provides:

"A discharge in bankruptcy shall release a bankrupt from all of his provable debts, except x x x x" Thereupon follows six exceptions, none of which mentions wage assignment.

Sub-section D of Section 107 of the Act, provides:

"Liens given or accepted in good faith

loan, as provided in the statute, he made an assignment of his future earnings.. We have in the Bankruptcy Act the provision, as above stated, that a discharge in bankruptcy shall release the bankrupt from all his provable debts, with six exceptions, and the wage assignment is not one of the exceptions. Under the express provisions of the Bankruptcy Act, the bankrupt is released from the payment of the loan. 6346-7 GC, as above quoted, authorizes the assignment of wages or earnings to secure a loan. If the plaintiff in error is released under the bankrupt act from the payment of the debt or loan, how then may any security given therefor be effective?

The defendant in error, the Finance Company, relies largely on the case of Citizens Loan Association v. Boston & Me. Rd. Co., 196 Mass. 528, in which case the Supreme Court of Massachusetts held that the discharge of a bankrupt did not cancel the assignment of future earnings. The reasoning of the court in the case of Loan Association v. Boston & Me. Railroad is indicated in the statement in the opinion as follows:

"It is plain that one may sell wool to be grown upon his own sheep, or a crop to be produced upon his own land, x x"

This would indicate that the court considered the assignment of wages as a sale of a commodity. That a sale of futures is valid can not be gainsaid. But this is a sale of property to be produced. Undoubtedly if the assignment of wages was a sale of property to be produced, it would become the property of the Finance Company immediately upon having been earned, and the discharge in bankruptcy would not affect that sale. But the assignment is not claimed and can not be considered under the statute of Ohio to be a sale of property. The statute says it is given to secure the payment of a loan. Moreover, 6346-7 GC, provides:

"Nor shall any such assignment be valid unless x x x x made to secure a debt. x x x"

Not being a lien, then sub-section D of Section 107 of the Bankruptcy Act affords no protection to the Finance Company.

Having determined that there is no lien, the bankrupt having been released from the payment of the loan constituting the debt, we are of opinion that the assignment must fall, and is unenforcebale as against the bankrupt.

In view of the fact that this decision is in conflict with the decision of the Court of Appeals of the Eighth Appellate District in the case of **Co-operative & Industrial Finance Co. v. Reed, et al**, No. 9218, Court of Appeals of Cuyahoga County, decided October 25, 1928, necessitating the certification of the case to the Supreme Court, we will not extend this memorandum further.

Our conclusion is that the plaintiff in error is entitled to the injunction and a mandatory order, commanding the Railroad Company to pay to the plaintiff in error the accrued wages. The judgment of the court of common pleas of Hamilton County is, therefore, reversed, and there being no dispute as to the facts, judgment will be entered in this court for the plaintiff in error.

Cushing, PJ, and Ross, J, concur.