## In re SKORCZ.

## TRUSTEES SYSTEM REINCO CO. v. SKORCZ.

## No. 4899.

Circuit Court of Appeals, Seventh Circuit. June 24, 1933.

Rehearing Denied Nov. 16, 1933.

188

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

Walter Hamilton, of Chicago, Ill., for appellant.

John C. Melaniphy, of Chicago, Ill., for appellee.

SPARKS, Circuit Judge (after stating the facts as above).

Appellant contends that the court erred in entering the restraining order because: (1) The note, assignment of wages, and notice of such assignment, under the law of Illinois, created a lien on the wages of bankrupt after adjudication, when and as such wages were earned, and that lien was not dischargeable in bankruptcy; (2) the wages included in the restraining order constituted no part of bankrupt's estate, and appellant had instituted no suit of any kind for their recovery prior to the issuance of the order, nor had it made any threat to collect the same; (3) the circuit court of Cook county had assumed jurisdiction of the subject matter of the restraining order and of the parties prior to the issuance of the order, and the district court had no authority under the bankruptcy act to issue it.

It is not denied that the decisions of the Supreme Court of Illinois hold that an assignment of future wages made more than four months prior to adjudication in bankruptcy to secure any indebtedness creates a lien on such wages. Mallin v. Wenham, 209 Ill. 252, 70 N. E. 564, 65 L. R. A. 602, 101 Am. St. Rep. 233; Monarch Discount Co. v. Chesapeake & Ohio Ry. Co., 285 Ill. 233, 120 N. E. 743. If this doctrine is to be considered as controlling this court in the instant case, then of course appellant's first contention is correct; but appellee on the other hand contends: (1) That the decisions of the state courts are not binding on the federal courts in the determination of what is property under the Bankruptcy Act; and (2) that the decisions of the Illinois court are contrary to the weight of reason and authority of federal and other state courts which hold that wages to be earned in the future are not property upon which a lien may attach.

■■ Future wages are conditional in their nature, being dependent upon performance of the services to be rendered. It follows therefore that an assignment given against such wages cannot create a legal lien since there is no property in being at the time the assignment is given. The lien must therefore be an equitable one which cannot attach until the property comes into being. If in the meantime the debt has been discharged by the action in bankruptcy, the lien falls. Appellant argues that this court is precluded from holding thus by reason of the Illinois decisions to the contrary which it asserts are binding upon this court. Those decisions constitute a local definition of principles applying to a situation which is not limited to this state, but which has arisen in many of the states. The decisions do not depend upon statutory law, but upon the local interpretation of general law. Further, since bankruptcy is itself an equitable proceeding as is

the interpretation of an equitable lien, we think this court is not bound by the decisions of the state court under the principles laid down in Swift v. Tyson, 16 Pet. 1, 18, 10 L. Ed. 865,[1] and Guffey v. Smith, 237 U. S. 101, 114, 35 S. Ct. 526, 59 L. Ed. 856.[2]

While we find no case in which the Supreme Court has passed on the specific question involved in the instant case, nevertheless it has in several cases laid down certain broad principles regarding the interpretation of the Bankruptcy Act which we think control our decision here. In Board of Trade v. Johnson, 264 U. S. 1, 44 S. Ct. 232, 234, 68 L. Ed. 533, it said,

"Of course, where the Bankrupt Law deals with property rights which are regulated by the state law, the federal courts in bankruptcy will follow the state courts; but when the language of Congress indicates a policy requiring a broader construction of the statute than the state decisions would give it, federal courts cannot be concluded by them. Board of Trade v. Weston, 156 C. C. A. 112, 243 F. 332."

In the Weston Case just cited, the court said,

"Now, it would be strange if the dominant grant to Congress to legislate upon bankruptcy and insolvency, and which, when exercised, supersedes state legislation respecting these matters, should nevertheless be subordinate to the right of each state to determine what is or shall be property, subject to the terms of the Bankruptcy Act."

In Williams v. U. S. Fidelity & Guaranty Co., 236 U. S. 549, 35 S. Ct. 289, 290, 59 L. Ed. 713, the court said,

"It is the purpose of the Bankrupt Act [11 USCA] to convert the assets of the bankrupt into cash for distribution among creditors, and then to relieve the honest debtor from the weight of oppressive indebtedness, and permit him to start afresh free from the obligations and responsibilities. * * * And nothing is better settled than that statutes should be sensibly construed, with a view to effectuating the legislative intent."

In Re Voorhees (D. C.) 41 F.(2d) 81, 85, an Ohio statute as to assignment of wages was held not controlling in bankruptcy proceedings, and the court said,

"It seems to us that any state law which attempted to create a lien upon such property or earnings so as to be effective and operative after the discharge of the bankrupt would be construed by the federal courts to be ineffective for that purpose. * * * It seems to us that the purpose of the Bankruptcy Act is plain, and that any device, whether an assignment, * * * or what not, would be ineffectual against its purpose to give the bankrupt a new start."

The weight of authority supports ap-

---

[1] "But, admitting the doctrine to be fully settled in New York, it remains to be considered, whether it is obligatory upon this court, if it differs from the principles established in the general commercial law. It is observable, that the courts of New York do not found their decisions upon this point, upon any local statute, or positive, fixed or ancient local usage; but they deduce the doctrine from the general principles of commercial law. It is, however, contended, that the 34th section of the judiciary act of 1789 [28 USCA § 725] * * * furnishes a rule obligatory upon this court to follow the decisions of the state tribunals in all cases to which they apply. That section provides 'that the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision, in trials at common law, in the courts of the United States, in cases where they apply.' In order to maintain the argument, it is essential * * * to hold, that the word 'laws,' in this section, includes within the scope of its meaning, the decisions of the local tribunals. In the ordinary use of language, it will hardly be contended, that the decisions of courts constitute laws. They are, at most, only evidence of what the laws are, and are not, of themselves, laws. They are often re-examined, reversed and qualified by the courts themselves, whenever they are found to be either defective, or ill-founded, or otherwise incorrect. The laws of a state are more usually understood to mean the rules and enactments promulgated by the legislative authority thereof, or long-established local customs having the force of laws. In all the various cases * * * this court have uniformly supposed, that the true interpretation * * * limited its application to state laws, strictly local * * * and to rights and titles to things having a permanent locality, such as the rights and titles to real estate, and other matters immovable and intra-territorial in their nature and character. It never has been supposed by us, that the section did apply, or was designed to apply, to questions of a more general nature, not at all dependent upon local statutes, * * * as, for example, to the construction of ordinary contracts or other written instruments, and especially to questions of general commercial law, where the state tribunals are called upon to perform the like functions as ourselves, that is, to ascertain, upon general reasoning and legal analogies, what is the true exposition of the contract or instrument, or what is the just rule furnished by the principles of commercial law to govern the case. * * * Undoubtedly, the decisions of the local tribunals upon such subjects are entitled to, and will receive, the most deliberate attention and respect of this court; but they cannot furnish positive rules, or conclusive authority, by which our own judgments are to be bound up and governed."

[2] Guffey v. Smith, 237 U. S. 101, 35 S. Ct. 526, 530, 59 L. Ed. 856. "* * * By the legislation of Congress and repeated decisions of this court it has long been settled that the remedies afforded and modes of proceeding pursued in the Federal courts, sitting as courts of equity, are not determined by local laws or rules of decision, but by general principles, rules and usages of equity having uniform operation in those courts wherever sitting. * * * 'Wherever a case in equity may arise and be determined, under the judicial power of the United States, the same principles of equity must be applied to it, and it is for the courts of the United States, and for this court in the last resort, to decide what those principles are, and to apply such of them, to each particular case as they may find justly applicable.' Neves v. Scott, 13 How. 268, 14 L. Ed. 140."

pellee's contention that wages to be earned in the future are not property upon which a lien may attach prior to their existence.[3] A different rule, however, was enunciated in Mallin v. Wenham, 209 Ill. 252, 70 N. E. 564, 65 L. R. A. 602, 101 Am. St. Rep. 233, and Citizens' Loan Ass'n v. Boston & M. Ry. Co., 196 Mass. 528, 82 N. E. 696, 14 L. R. A. (N. S.) 1025, 124 Am. St. Rep. 584, 13 Ann. Cas. 365. With the rule and the reasoning therein announced we are not in accord. This being true we hold that appellant, at the time of the adjudication in bankruptcy, had no lien upon the bankrupt's wages which had not at that time been earned, nor upon such wages as and when they were earned.

It may be conceded, as contended by appellant, that the wages included in the restraining order constituted no part of the bankrupt's estate at the time of the adjudication. That estate, and none other, the court was bound to administer; but it does not follow from this admission that the bankruptcy court is not interested in the protection of the bankrupt's subsequent estate. Indeed, quite the converse is true, and constitutes the primary purpose of the bankruptcy enactment. That the bankruptcy court has plenary power to award that protection by injunction we think there can be no doubt, otherwise the effect of the Bankruptcy Act oftentimes might be destroyed. 11 USCA § 11, subd. 15; Seaboard Small Loan Corp. v. Ottinger, supra; In re Fellows (D. C.) 43 F. (2d)122; In re Voorhees, supra; In re Swofford Bros. (D. C.) 180 F. 549; In re Home Discount Co., supra.

Appellant's contention that prior to the restraining order there were no actions or threats on its part relative to the enforcement of its alleged lien sufficient to authorize or warrant the issue of the order is without merit. Its service of notice of the assignment upon the employer and its answer to the interpleader were sufficient to warrant the court's action in that respect.

Decree affirmed.

[3] Seaboard Small Loan Corporation v. Ottinger (C. C. A.) 50 F.(2d) 856, 77 A. L. R. 956; In re West (D. C.) 128 F. 205; In re Karns (D. C.) 148 F. 143; In re Ludeke (D. C.) 171 F. 292; In re Home Discount Co. (D. C.) 147 F. 538; In re Lineberry (D. C.) 183 F. 338; In re Voorhees (D. C.) 41 F.(2d) 81; In re Fellows (D. C.) 43 F.(2d) 122; In re Potts (D. C.) 54 F.(2d) 144; Levi v. Loevenhart, 138 Ky. 133, 127 S. W. 748, 30 L. R. A. (N. S.) 375, 137 Am. St. Rep. 377; Leitch v. No. Pac. Ry. Co., 95 Minn. 35, 103 N. W. 704, 5 Ann. Cas. 63; Rate v. American Smelting & Refining Co., 56 Mont. 277, 184 P. 478; Hupp v. Union Pac. Ry. Co., 99 Neb. 654, 157 N. W. 343, L. R. A. 1916E, 247; Rowe v. Public Finance Co., 37 Ohio App. 133, 174 N. E. 164. See also 1 Collier on Bankruptcy (13th Ed.) 600, and 7 Corpus Juris, p. 411.