In Re BUSS' ESTATE

CRAMER, et al, Appellants, v BETELS, et al, Respondents

(26 N. W.2d 700)

(File No. 8882. Opinion filed April 7, 1947.)
Rehearing Denied May 5, 1947.

**T. R. Johnson,** of Sioux Falls, and **Andrew S. Bogue,** of Parker, for Appellants.

**Danforth & Danforth** and **C. J. Delbridge,** all of Sioux Falls, for Respondents.

SICKEL, P.J.   This proceeding involves an antenuptial contract and a will.   Hajo Buss and Mareka Betels entered into a property agreement in contemplation of marriage, whereby each waived all interest in the property of the other, and all rights of inheritance.   The contract also provides that in case Mareka Betels shall survive Hajo Buss she shall be paid from his estate the sum of $10,000 for her support during her lifetime and the remainder to the children of both parties by prior marriages, in equal shares. Following the execution of this contract the parties were married and lived together as husband and wife until Hajo Buss died in Willacy county, Texas, December 29, 1932. He left a will which quotes the antenuptial agreement in

full. It recites that the testator has conveyed to his wife real estate of the value of $2,500 as an advancement upon the $10,000 mentioned in the contract, and directs that in case the wife shall be living at the time of testator's death the executor shall set aside the sum of $7,500 in cash, invest the same in securities and pay the annual income therefrom to the wife for her support during her lifetime, and as soon after her death as possible pay the remainder in equal shares to the children of both parties. The will states: "The intent of this paragraph and of this bequest is to carry into effect said antenuptial agreement, contract, and settlement * * *." The widow's death occurred a few months after the death of the testator. The will was admitted to probate in Willacy county, Texas, January 31, 1933. The will was also admitted to probate in Turner county, South Dakota, and Herman H. Buss was appointed administrator with the will annexed in that proceeding, on October 30, 1944. The remaining assets of the estate in South Dakota consist of the East Half of the Southeast Quarter of Section 16, Township 98 North of Range 52 in Turner County. The administrator filed a petition for distribution asking that the west half of this tract of land be assigned to Kate Cramer and that the east half of it be assigned to Herman H. Buss, to whom the heirs of Hajo Buss have conveyed their interests. Objections to such distribution were filed by the heirs of Mareka Buss, deceased, on the ground that they are entitled to share equally with the heirs of Hajo Buss in the $7,500 bequest, that the said bequest has not been paid, and that the above described land is the only remaining asset of the estate out of which such bequest can be paid. The county court sustained these objections and the administrator appealed to the circuit court. There the judgment of the county court was affirmed and the administrator has appealed to this court.

■ Appellant concedes that the contract is valid, and that it is enforceable in a court of equity, subject to the usual defenses available against civil contracts. He claims, however, that the antenuptial contract creates a debt and

that the failure of the heirs of Mareka Buss, deceased, to present claims to the administrator for the amounts due them under the contract, within the time fixed by the notice to creditors, bars their right of recovery. Respondents contend that they are not creditors but legatees. This antenuptial agreement is a valid contract to leave property at the death of the testator, by will or otherwise, in a particular way. 68 C.J., Wills, § 187. Such a contract is executory. In re Cutting's Estate, 172, Cal. 191, 155 P. 1002, Ann Cas. 1917D, 1171; Tabb v. Archer, 3 Hen. & M. (13 Va.) 399, 3 Am. Dec. 657; Neves v. Scott et al., 9 How. (U. S.) 196, 13 L. Ed. 102, 13 How. (U. S.) 268, 14 L. Ed. 140; 17 C. J. S., Contracts, § 7. It is also a well established rule that: "Where the contract promises only a particular disposition of property, without specifying the mode in which it is to be made, the promisor can perform by any means which will effectuate the proposed disposition whether by will or conveyance * * *." 68 C. J., Wills, § 193. This contract did not specify the means to be used in providing a fund for the support of the widow for life and the remainder for the children of both parties, but left it for Hajo Buss to select such means as would be effectual for the purpose. The will was valid. It constituted a performance of all the obligations of Hajo Buss under the contract and the contract was thereby discharged. In re Cutting's Estate, supra; Neves v. Scott et al., supra; 17 C. J. S., Contracts, § 494.

The death of Mareka Buss terminated her life interest in the $7,500 bequest, and thereupon the remaindermen were entitled to their distributive shares of the estate according to the will. It then became the duty of the administrator with the will annexed to distribute that bequest to the remaindermen as directed by the will. This duty is one which may be enforced by the county court on petition of any person interested in the estate. SDC 35.1705, SDC 35.1707.

It is also contended by the appellant that the will varies the terms of the antenuptial contract. The contract provides that after the death of Hajo Buss the widow shall

receive $10,000 for her support during her lifetime, and that the remainder shall be paid in equal shares to the children of both parties. The will recites that the testator has conveyed to Mareka Buss, Texas real estate of the value of $2,500 "as an advancement upon the said sum of $10,000.00" and makes a bequest according to the provisions of the contract, but for only $7,500. The children of Mareka Buss admit that she received the $2,500 as an advancement, and claim only their share of the remaining $7,500. The will gives the children of Hajo Buss the benefit of the advancement, and we fail to see how they are in a position to claim a variance between the contract and the will.

■ Appellants also claim that the county court of Willacy county, Texas, adjudicated the claim of the children of Mareka Buss for a share of the $7,500, and that such decree is entitled to full faith and credit in this state under Art. 4, § 1, of the United States Constitution. The authenticated record of the Texas proceeding shows that two annual accounts were filed by the executors, one filed December 5, 1936, and approved March 2, 1937, the other filed April 12, 1939 and approved by an order filed August 10, 1939. This last order is designated as an Order Approving Final Account. It recites that "said report be and the same is hereby in all things approved and that said executors and their bond signers are hereby in all things released from any further liability in this estate, and that said estate is hereby declared to be in all things closed." The record discloses no final report, no petition for distribution of the estate to the persons entitled thereto under the will, and no decree of the Texas county court interpreting the will or determining the rights of the devisees and legatees under it. The record does show that the children of Mareka Buss filed a claim in the Texas county court, as heirs of Mareka Buss for half of the $7,500 bequest, but their rights as legatees were never presented to or adjudicated by that court.

■ In 1919 Mareka Buss made an affidavit claiming that the antenuptial contract was a lien upon the Turner county land and this affidavit was recorded in the office of

the register of deeds. In 1923 she executed a quitclaim deed to her husband releasing any claim on the land on account of the contract. Appellants say this deed waived all rights of Mareka Buss and her heirs to the enforcement of the contract against the land. The antenuptial contract never was a lien on the land, and no such lien is claimed now. Here the respondents seek to prevent a distribution of the remaining assets of the estate, that is the Turner county land, without first paying the legacies contained in the will. The payment of such legacies requires the disposition of the land, not because the contract is a lien upon it, but because such disposition is necessary for the payment of the legacies. What we have said above in regard to waiver applies equally to the conveyance to Hammerstrum in 1920.

Hammerstrum reconveyed this land to Hajo Buss but appellants claim that the deed was not delivered until after the death of the grantee, and that it was therefore void. That question was not before the county court in this proceeding and cannot be considered here on appeal.

The judgment of the circuit court is affirmed.

POLLEY, J., not sitting.