### B. B. WHITTAKER'S ADM'R. *v.* THOMAS HOWARD ET AL.

**Insurance—Holder for Indemnity—Payment of Premiums.**

Where one holds a policy as security for indebtedness and the insured refuses to pay the premiums as they become due, the holder of the policy has the right to make the payments and hold the insured responsible therefor.

**Witnesses—Transaction with Deceased Party.**

One who holds an insurance policy on the life of his debtor is not a competent witness to testify in his own behalf that a contract by which the deceased held an interest in the policy had been rescinded prior to the deceased's death.

**Insurance—Right of Administrator to Proceeds of Policy.**

Where a creditor holds a policy on the life of his debtor as security for the debt, under a contract whereby the insured has an interest in the policy, the administrator of the insured is entitled to the fund arising out of the policy subject to the claim of the creditor.

APPEAL FROM McLEAN CIRCUIT COURT.

February 28, 1874.

OPINION BY JUDGE PRYOR:

That an agreement was made between Whittaker and the appellee, Howard, prior to the departure of the former on his trip to New Orleans is admitted by the answer.

The substance of the agreement was, that the widow of the intestate, Whittaker, was to have all the insurance money after paying the liabilities of her husband to Howard, provided her husband never returned. If he returned he was to satisfy the demands of Howard and redeem the policy. Whittaker did return, and as the

appellee, Howard, insists, refused to relieve from his liabilities, or to pay his demands against him, or fulfill any, of his obligations with reference to the insurance policy. That the insurance was effected to save Howard harmless as the creditor and endorser of Whittaker there is no doubt, but that Whittaker expected and contracted that his family should derive some benefit from it is equally as certain. The policy was issued to Whittaker for Howard's benefit to the extent only of Howard's claims; otherwise there could have been no reason for Whittaker executing his individual notes to the company for every premium, thus making himself liable for every dollar of the money to be paid the company.

It is perfectly manifest that Whittaker assumed this obligation to pay by reason of his beneficial interest in the transaction; and he no doubt did agree with Howard to refund to the latter the money he had advanced for him on his return from the south. Whittaker, when he returned, as Howard states, refused to have anything to do with the policy, and said to the latter, "It is your policy, do as you please with it." The only alternative left Howard was to continue the payments of the calls in order to prevent a forfeiture. This he had to do for his own protection, although the notes of Whittaker were not surrendered, and his liability to the company holding them still existed. Howard at no time absolved Whittaker from responsibility to him for the money he had advanced to the company, nor did he in any way release Whittaker from the payment of the notes. The latter had been unfortunate in his trip south, or for some reason refused to pay the premiums, and Howard, upon advising with the company's agent, resolved to make the payments. He held the policy as a security merely, and when Whittaker refused to pay he had the right under the contract with him, to make the payments and hold Whittaker responsible. The liability to the company and Howard never was extinguished, but in full force at his death; and although it is now maintained that the contract between the two was rescinded, either Howard or the company could have made Whittaker or his estate responsible for every dollar of the premium money—the company for the amount of the notes, or Howard for the moneys advanced to him.

Taking the statement, therefore, of Howard, as controlling the right of the parties, he is not entitled to the whole of this insurance fund. The policy, when exhibited, shows the contract to have been with Whittaker, and the answer admits that the widow

was to have an interest upon a certain contingency, that this contingency never happened, and upon the failure of Whittaker to pay the money, the two, Whittaker and Howard, rescinded the contract entirely, or so changed it that the entire policy was for the benefit of Howard. Howard, in his testimony, has defeated the right of recovery by the widow, in showing that her right terminated upon the husband's return; still the husband had a beneficial interest in it; his notes were executed for the premiums, and the failure on the part of the widow to claim, or her right being destroyed by the terms of the agreement, did not take from the husband the right to claim this interest for himself, viz: all the insurance money after paying Howard.

Howard was a competent witness to defeat the widow's claim, but we are at a loss to perceive how, under the testimony act, he can be competent to show that he and Whittaker rescinded the entire contract, thereby defeating any recovery by the administrator of the latter. This beneficial interest survived to the administrator, and Howard, when he testified to the rescission of the contract, was speaking of that alone which transpired between himself and the intestate, and must necessarily defeat, if competent, the right of recovery. The insurance was made to secure the appellee in his demands only, and if after this Whittaker released or surrendered all interest he had in the policy, this fact must be shown by some other witness than the appellee.

It is insisted, however, that Whittaker's administrator is not a party to the action. The original petition, as amended, was adjudged to present a cause of action, and the administrator himself is a party plaintiff in both the original and amended pleading. In the amended petition the right of recovery on the part of the administrator is relied on, and he certainly has an interest in the policy or the insurance fund, if, by the parol agreement between Whittaker and Howard, the former had a beneficial interest in the proceeds. This agreement did exist, and the administrator being in court was entitled to the fund subject to the claim of Howard.

The trouble in the case consists in determining the equities of the parties. The appellee has, under a proceeding by attachment in conjunction with other creditors of Whittaker, sold the land of decedent to pay the debts, and at the decretal sale became the purchaser. He now undertakes in this proceeding by a cross-petition, to annul and vacate the judgment and sale of the land, by reason

of some informality in the record. This is rather a novel proceeding, as no one but the heirs of Whittaker could even reverse the case, and it is questionable whether they could do so. Whittaker was before the court, as well as Howard. The court had jurisdiction of the person and the property sought to be sold. It was sold, and plaintiff purchased and obtained a deed. The court below, however, granted the relief, and as there is no complaint of that branch of the proceeding by appellant, and as the equities of the parties cannot well be settled without a sale of the land, or determine who is the owner, the sale will be treated as cancelled, and the judgment ordering it as vacated.

It is certainly not equitable to permit the appellee to hold the insurance money and also sell the land to pay the same debts for the payment of which the policy was pledged as security. He has a claim, however, on this fund for all the moneys advanced by him to pay the premiums, and also to satisfy him in the indebtedness of the intestate for the claims it was pledged to secure, and also the claims he had paid off under the attachment. The chancellor should allow Howard, out of the fund, first, all the premium money shown to have been paid by him with the interest, then the debts due the appellee, for which he obtained his attachment, or for which he was liable as surety, also the debts he has paid the attaching creditors of Whittaker, by reason of his purchase of the land, and for the balance, if any is owing, the land must be sold to pay, or if the insurance money is not all consumed in this way the balance to be paid to the administrator. The widow's right of dower, of course, cannot be affected by this judgment. If the purchaser, Howard, has had possession of the land by himself or tenant, he must account for the rent to be deducted from his claims, giving him a credit for any lasting and valuable improvement made on the premises.

The judgment of the court below is reversed and cause remanded for further proceedings consistent with this opinion.

The allowance to the receiver for collecting the insurance money should be deducted from the amount, and Howard is not responsible for, or to be charged with that part of the costs.

*Sweeney & Sweeney, for appellant.*

*C. Eaves, Bickers, for appellees.*