CASE 13—ACTION TO SETTLE ESTATE—OCT. 11.

Embry's Administrators v. Harris.

107    61
138    20

APPEAL FROM MADISON CIRCUIT COURT.

1. INSURANCE, LIFE—INSURABLE INTEREST—SURETY.—A surety has an insurable interest in the life of the principal debtor.
2. SAME—PAROL ASSIGNMENT.—A pledge of an insurance policy is good, without a written assignment to the extent of the debt. The company having paid the policy, the question whether a parol assignment is good against it does not arise.

WM. HERNDON FOR APPELLANTS.

1. The policy under its terms was not assignable or transferable.
2. Appellee had no insurable and therefore no assignable interest.
3. There was no valid assignment or transfer and in fact no transfer or assignment at all.
   Citations: Basye v. Adams, 81 Ky., 368; Hopkins v. Hopkins' Admr., 92 Ky., 324; Beech on Insurance, sec. 175; May on Insurance, sec. 398; 13 Am. & Eng. Ency. of Law, 650; Schwerman v. Gunkel, 1 Ky. Law Rep., 406; Rice v. Downing, 12 B. M., 44.

BENNETT & CHENAULT ON THE SAME SIDE.

1. The court erred in rejecting the amended reply.
2. The court erred in its judgment that the policy had been assigned by Embry to Harris to protect the latter as an accommodation surety upon the note to the Richmond National Bank.
3. The court erred in refusing to require Harris to support his claim by the affidavit of some third person.
4. The court erred in overruling appellant's exceptions to evidence.
5. The court erred in refusing to continue the case.

BURNAM & MOBERLEY FOR APPELLEE.

1. As to policy's being a chose in action. Newby v. Million, 2 Met., 530; Story's Equity, ——, 1047, 1057; 4 B. M., 448; 17 B. M., 630; 13 Am. & Eng. Ency. of Law, 647 and cases in note.
2. As to assignability of policy. 13 Am. & Eng. Ency. of Law, 647, 648, and notes; Basye v. Adams, 81 Ky., 368.
3. As to insurable interest. 3d. McArthur, U. S., 194; 51 Ind., 24; 103 Ill., 305; 21 N. E. R., 1094.
4. As to pledge, or collateral guaranty. Wells v. Archer, 13 Am. Dec., 682; Lockhart v. Townsend, 29 Am. Dec., 733; 6 Cush., 282.
5. Claim verified and administrators protected in payment. 86 Ky., 67; 1 Met., 117.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

J. P. Embry in his lifetime became indebted to the Richmond National Bank, with appellee as his surety. The debt was renewed several times, and in November, 1894, it had swollen to the amount of $3,587.71. At this time appellee, before signing the renewal, required some sort of security. It was finally arranged that Embry should take out a policy of insurance on his life in the New York Life Insurance Company for the sum of $5,000, payable by its terms to the estate of Embry. This policy was delivered, without any written assignment, to appellee, Harris, as collateral security to indemnify him against loss by reason of the suretyship to the bank. Harris deposited the policy in the bank for safe-keeping.

In August, 1895, Embry died, and appellant was duly appointed and qualified as his administrator.

By agreement of Harris, appellant, as administrator, took the policy and made settlement with the insurance company; and the proceeds thereof, some $4,704, are in appellant's hands.

Appellants brought this action to settle the estate of Embry, and made appellee, Harris, a party defendant.

Appellee by answer pleaded the fact of his suretyship, and the pledge of the insurance policy to him as collateral, and the subsequent collection of same by appellants by his consent, and then asked the court to direct appellants, out of the proceeds of the policy to pay the bank debt in full, by reason of the lien created thereon.

Appellee presented proof of the facts above set out, which were not seriously denied, and, upon hearing, the court adjudged that appellee had a lien on proceeds of the policy to the extent of the bank debt, and directed the appellants to pay the bank debt in full out of the proceeds of the policy, and from that judgment this appeal is prosecuted.

Appellants contend that the policy was not assignable, being payable to the estate of Embry; that Harris had no insurable interest, and therefore the assignment or pledge to him is void; and that there was no valid transfer of the policy to appellee at all, not being in writing, nor the written consent of the insurer obtained, as the policy provides. The note of the bank was filed in the action as a claim due the bank properly proven by its cashier

We are of opinion that appellee, Harris, had an insurable interest in Embry's life, to the extent of the suretyship. Counsel admits the general rule to be that a creditor has an insurable interest in the life of the debtor, but insists

that in such cases the debt is due direct, while here the debt is due the bank, and appellee is mere surety.

So far as the insurable interest is concerned, the reasons that give a direct creditor such interest are applicable to the surety. There can be no distinction. The insurable interest is to the extent of the debt. If appellee, Harris, was insolvent, the bank, on the facts here shown, could enforce the lien on the proceeds of the policy, and secure the payment of the debt. This is all that Harris asked, or the court adjudged. This position is sustained by reason and authority. Barbour's Admr. v. Larue's Assignee, [51 S. W., 5], and cases cited. There is no conflict with this doctrine in Basye v. Adams, 81 Ky., 368.

The policy, being payable to the estate of Embry, was assignable by him in any legal manner. There was no beneficiary named to take a vested estate. It was left subject to his disposal, evidently for the express purpose of assignment.

In Basye v. Adams the court held, that, by the charter of the benevolent association issuing the policy, the beneficiaries of a policy were fixed to a class, and that no policy could be assigned or made payable outside of that class. That is not true in this case. If there be such provision of the charter of the New York Life Company, it does not appear here.

The policy—contract between Embry and the company—provides that no assignment shall be valid and binding unless in writing, and of which the company was to be given notice; and it is insisted that, as the assignment or pledge was in parol, it is void. It is not necessary for us to determine the meaning or effect of that provision of the policy. If binding and effective for any purpose, it is clear it was for the protection and benefit of the insurer; and, as

that company paid the policy without question, the clause is not before us.

A policy of life insurance is a chose in action; it may or may not have a present value; and, as such chose in action, it may be assigned or pledged as collateral, the same as other choses in action, with this limitation: The assignee or pledgee must have an insurable interest in the life of the insured, and then he can only acquire a right to the proceeds of the policy to the extent of such insurable interest.

We are aware of no rule of law that would prohibit a lien from being created by a pledge by a delivery of a policy of life insurance, when such lien may be created in other choses in action. The difference between contracts of life insurance and other contracts does not lie in the mode or manner of assignment or pledge, but in the extent, and to whom. Public policy forbids any person, save one who has an insurable interest in the life insured, from having or acquiring any interest in the contract of insurance, but no reason of public policy would forbid one who may take an assignment in writing from acquiring such right by pledge.

Finding no error, the judgment is affirmed.

JUDGE BURNAM NOT SITTING.