|07  509|
115  716|

CASE 80—ACTION ON INSURANCE POLICY—INTERPLEADER—
JANUARY 10.

# Pollock's Administrator v. Smith.

### APPEAL FROM CARLISLE CIRCUIT COURT.

LIMITATION—PLEDGOR AND PLEDGEE—INSURANCE POLICY.—Limitation
will not bar a recovery against one who has pledged an insur-
ance policy as security for debt either, (1) as to the debt se-
cured to the extent of the pledge, or, (2) as to the premiums
paid by the pledgee.

JOHN W. RAY FOR THE APPELLANT.

1. When a debt is barred by limitation, the lien (in this case a
pledge of life insurance policy as collateral security) is also
barred. Colebrook on Collateral Secureties, section 157; Mc-
Cracken County v. Mercantile Trust Co., 84 Ky., 344; First
National Bank v. Thomas, 8 Ky. Law Rep., 690; s. c. 3 S. W. R.,
12; Tate v. Hawkins, 81 Ky., 577.

2. A demand of more than twenty years standing is presumed to be
paid, and a party seeking to enforce such demand must ac-
count for the delay and show by explicit averments such facts
as will rebut the presumption of payment arising by lapse of
time. Hunt v. Forman, 2 Dana, 471.

3. There can be no judgment rendered on an unverified or unproven
claim against a decedent estate. A verified answer is not
sufficient. Worthley v. Hammond 13 Bush, 510; Warfield v.
Gardner, 79 Ky., 583; Ky. Stat., section 3870.

4. The assignment as collateral creates no new right, except the
lien. The obligation to repay the premiums paid exists by the
implied promise or by a verbal promise, and would be barred
in five years. Bank v. Thomas, *supra*.

5. Payments of premium more than fifteen years before action
brought, is barred by limitation, at all events.

6. Interest at eight per cent. can not be collected on payments of
premium from a personal representative, nor from the decedent
if alive, because there is no written obligation to pay such inter-
est; and if there were such written obligation to pay eight per
cent., it would not be enforceable because it is to apply to future
advancements, uncertain in time and amount, and in this case
running twenty-one years. Snelling v. Atchison, MSS. Opinion.

7. Pledge of a policy of life insurance is a mere incident of the debt or obligation as a lien. McKay v. Mayes, 16 Ky. Law Rep., 862.

HENRY BURNETT FOR THE APPELLEE.

Counsel stated the questions involved as follows:

1. Whether or not the premiums paid by Smith, the assignee, or pledgee, of the two policies of insurance, are tainted with usury.
2. Whether the original debt of $7,000, and any part of the premiums paid by Smith on the two policies, are barred by limitation, thereby impairing Smith's lien on the two policies to that extent.

And upon these points, counsel made citations as follows: Olmstead v. Keyes, &c., 85 N. Y., 594; Ky. Stats., sections 2219, 1403; Amick v. Butler, 60 Am. Dec., 722; Genl. Stats., p. 801; Vandiver v. Hodge, 4 Bush 539; Yeates v. Weeden, admr., 6 Bush, 438; Sir John Ratcliffe v. Davis, S. Jac. I. in K. B.; Edwards on Bailments (2d ed.), p. 185, also sec. 253, also sec. 3, subdivision 4; Rawls v. American Mutual L. Ins. Co., 27 N. Y., 288; Joyce on Ins. 2d vol. section 953, also section 1149, Leslie v. French, L. R., 23 Ch. D., 552-560; Gen. Stats., ch. 71, art. 4, sec. 20, also sec. 16, 17, same chapter.

SAME COUNSEL FOR THE APPELLANT IN A PETITION FOR A REHEARING.

Additional citations: Gallagher v. Whalen, 9 S. W. R., 390; 21 L. R. A., 550, for collection of all the authorities (note); Ward v. Rhorer's Admr, 21 Ky. Law Rep., 1086.

JUDGE HOBSON DELIVERED THE OPINION OF THE COURT.

Robert M. Pollock had two policies of insurance on his life, each for $5,000. He was indebted to appellee in the sum of $7,000, for which judgment had been recovered some years before. Being unable to pay the debt, on November 2, 1876, he assigned one of these policies to appellee, and on April 9, 1877, the other. This assignment was assented to by the company, and was in these words:

"For value received, I do hereby assign, transfer, and set over unto Dorrel B. Smith, of Todd county, Kentucky, the above named policy of insurance, and all sum or sums of money, interest, benefit, and advantage whatsoever now

due or hereafter to arise, to be had or made by virtue thereof, to have and to hold unto said Dorrel B. Smith, for the purpose of securing the payment of a debt of $7,000, with interest from this date at the rate of ten per cent. per annum until paid, and also to secure the amount of all premiums which may hereafter be paid by said Smith on said policy, with interest at the rate of eight per cent. per annum from the date of payment until repaid; the said assignee hereby agreeing that the premium loan now due, or hereafter to grow due, shall be a valid lien according to the terms of the policy."

Smith paid the premiums on the two policies from that time until the death of Pollock, on December 11, 1897. The insurance company paid the amount of the policies into court, and this appeal involves the rights of the parties to the money.

The amount of premiums paid by Smith, with six per cent. interest, then amounted to $7,962.04. The assignment stipulated, as was then lawful, that these premiums should bear interest at eight per cent.; and, counted at this rate, the amount due would be $9,155.10. The amount paid into court by the company was $9.689.25.

No part of the $7,000 debt had been paid, so far as appears; and so the amount of insurance would fall far short of paying appellee, although he was allowed interest only at six per cent. But it was insisted for appellant that limitations barred the $7,000 debt, and all the payments of premiums, except those made within five years before the action was brought, and that therefore nothing should have been allowed appellee beyond the amount paid for premiums within the last five years.

The court refused to so adjudge, and appellant earnestly insists that this was error.

The rule is well settled in this State that a mortgage or lien is but an incident of the debt, and that when the debt is barred the lien is gone. But it does not follow that equity will grant relief contrary to the real right of the case. Thus, it has been held that, although the debt was barred, a vendee who had not in fact paid for the land would not be adjudged a specific execution of. the contract against the vendor. Tucker v. Bentley, 8 Ky. L. R., 598; [2 S. W., 769]; Thacker v. Booth, 9 Ky. L. R., 745, [6 S. W., 460]; Gallagher v. Whalen, 10 Ky. L. R., 459, [9 S. W., 390, 701].

The contract above quoted pledged the policies of insurance to Smith to secure his debt, as well as the premiums he might pay. It is well settled that the court will not require the pledgee to release a pledge while his debt is unpaid. It would violate the spirit and plain purpose of the contract in question to apply the statute in the case before us. The contemplation of the parties clearly was that Smith was to get his money out of the proceeds of the insurance policies at the death of Pollock, and to hold that he was barred by limitation in the lifetime of Pollock will be to destroy the very right that the parties contracted for. (Rawls v. American Life Insurance Co., 27 N. Y., 288; Story on Bailment, section 346; Wood on Limitation, section 21.)

The writings filed made out for appellee a *prima facie* case. No other defense except limitation was set up, and this being unavailable, the court properly rendered judgment in his favor for the amount of the insurance.

Judgment affirmed.