In re BROWNE et al.

In re PHŒNIX MILLS CO.

(District Court, E. D. Pennsylvania.   November 20, 1900.)

Nos. 775, 776.

BANKRUPTCY—LIENS—POWER OF COURT TO SUPERVISE—ENFORCEMENT.

The bankrupt act does not vest a court of bankruptcy with any power to interfere with a creditor holding property of the bankrupt in pledge to secure his debt, and having a valid lien thereon, within the meaning of section 67d, in the exercise of the power of sale of such property given by the terms of his contract, where there is no claim that such power will be exercised in a fraudulent or oppressive manner.

In Bankruptcy.   Petition by receiver for restraining order.

John Dickey, Jr., for receiver.

John Douglass Brown, Jr., Geo. Stuart Patterson, Edwd. L. Perkins, Morgan & Lewis, T. De Witt Cuyler, and John G. Johnson, for creditors.

McPHERSON, District Judge.   Certain creditors of these bankrupts hold promissory notes for a large amount, secured by the pledge of wool; the notes being in the ordinary collateral form, and giving the creditors power to sell at public or private sale without previous demand or notice.   The receivers aver that the power of sale is about to be exercised, and that the bankrupts' equity in the pledged property will probably be sacrificed unless the court intervenes, and so controls the exercise of the power that the receivers are given an opportunity to obtain purchasers for the wool at a full and fair value.   The petition asks for an order forbidding the creditors to sell until after, say, 10 days' notice to the receivers that a sale is intended.   A temporary restraining order was issued, forbidding a sale under any circumstances, and it is now to be determined whether the court has the power to make the order prayed for, or any other order interfering with the creditors' right to sell.

I do not pass upon the question, whether the court may interfere to prevent a fraudulent or oppressive exercise of such a right.   No such exercise is threatened in the present case.   It is agreed that the creditors intend to deal fairly with the property pledged, and will make an honest effort to sell for the best prices that can be obtained.   This being so, I am of opinion that the bankrupt act gives the court no authority to intervene between these creditors and their exercise of the right to sell given by the collateral notes.   Each of these creditors has a lien, which I must assume, in the absence of evidence to the contrary, was given and accepted in good faith for a present consideration, and not in contemplation of, or in fraud upon, the statute; and such liens are declared by clause "d" of section 67 to be unaffected by the act.   The phrase "unaffected by the act" may perhaps be too broad.   Other sections do affect such liens in some respects not now material, but the general meaning of the phrase is clear.   Such liens are left as the act finds them, and (passing the question whether the court may interfere in the case of a

fraudulent or oppressive enforcement) they may be proceeded upon according to their terms.

It was argued that clause "h" of section 57 gives the necessary power to restrain and regulate the creditors' right to sell. The material part of that clause is as follows:

"The value of securities held by secured creditors shall be determined by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors, or by such creditors and the trustee, by agreement, arbitration, compromise, or litigation, as the court may direct. * * *"

Assuming that this clause intends to do something more than provide for a method of determining the value of securities held by secured creditors, if such creditors desire to ascertain and to prove a possibly unsecured balance of their claims, I cannot avoid the conclusion that the court is only permitted to intervene when the agreement between the bankrupt and the creditor fails to provide a method by which the value of the securities may be ascertained,— again reserving the question of the court's power in the case of a fraudulent or oppressive conversion. This clause seems to me to be explicit. The value of such securities is to be ascertained "by converting the same into money according to the terms of the agreement pursuant to which such securities were delivered to such creditors." If there be no such agreement, the clause then goes on to say that the value is to be ascertained "by such creditors and the trustee, by agreement, arbitration, compromise or litigation, as the court may direct." The supervision of the court is thus confined to the ascertainment of value where the bankrupt and his creditor have themselves failed to deal with this subject. In such an event the court may direct how the value is to be ascertained, and may choose among the methods of "agreement, arbitration, compromise or litigation," supervising and controlling either form of proceeding.

Clause 7 of section 2, giving the court power to "cause the assets of bankrupts to be collected, reduced to money and distributed, and determine controversies in relation thereto, except as herein otherwise provided," and clause 15 of the same section, giving power to "make such orders, issue such process and enter such judgments, in addition to those specifically provided for, as may be necessary for the enforcement of the provisions of this act," must, of course, be read in connection with the rest of the statute, and are necessarily qualified by such provisions as are to be found in clause "d" of section 67, concerning liens, and by clause "h" of section 57, concerning the method of ascertaining the value of securities held by creditors.

In each case the restraining order is now dissolved, and the petition of the receivers is refused.