## In re LUDEKE.

(District Court, E. D. New York. June 29, 1909.)

BANKRUPTCY (§ 433*)—DISCHARGE—EFFECT ON GARNISHMENT OF BANKRUPT'S SALARY.

Where a percentage of the salary of an employé of the city of New York was retained by the city to apply on an execution against him, pursuant to an order of a state court made under Code Civ. Proc. N. Y. § 1391, the discharge of such employé in bankruptcy releases the lien of the execution upon such fund, so far as relates to salary earned after the adjudication in bankruptcy, where the judgment was a provable debt upon which the discharge operated.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 433.*]

In Bankruptcy.

Francis K. Pendleton, Corp. Counsel.

Eugene Conran, for bankrupt.

CHATFIELD, District Judge. The bankrupt is in the employment of the city of New York, receiving a monthly salary as attendance officer of the board of education. His petition was filed in this court on the 10th day of February, 1909, and he was adjudicated upon that day. Upon the 30th day of April of this year, upon a hearing properly noticed, the bankrupt was discharged of his provable debts. A certified copy of the order of discharge has been served upon the comptroller of the city of New York. One John T. Gallagher obtained a judgment for $2,111.11, which was docketed in the clerk's office of the county of Kings upon the 17th day of May, 1898, and upon the 27th day of January, 1909, under section 1391, Code Civ. Proc. N. Y., an execution was served upon the comptroller, pursuant to an order of the Supreme Court of the state of New York, directing the city of New York to pay to the sheriff of Kings county the sum of 10 per cent. of the bankrupt's salary, for each week as the bankrupt's salary might accrue, until the said execution should be satisfied. In pursuance thereof the comptroller of the city of New York has applied 10 per cent. of the bankrupt's salary for the purposes of this execution, and up to the present time has refused to pay over to the bankrupt the total amount of his salary accruing since the date of his discharge. Upon this motion, served upon the comptroller, the judgment creditor, and the trustee in bankruptcy, the application is now made to this court to dissolve the lien of the said execution and garnishee order.

The bankrupt was relieved by his discharge in bankruptcy from all provable debts. The judgment in question was apparently such a debt, and the lien against his salary, it is believed, would not continue with respect to any sum not already earned, and to which lien had not specifically attached under the levy of the execution, at the date of his adjudication in bankruptcy, inasmuch as the discharge was granted. Under Act July 1, 1898, c. 541, § 67f, 30 Stat. 565 (U. S. Comp. St, 1901, p. 3450), any amount of money so levied upon within four months prior to the filing of the petition passed to the trustee as a part of the

estate of the bankrupt, unless it had been paid over and had passed to the hands of an innocent party. But as to any funds retained by the city, in pursuance of the order of the Supreme Court, subsequent to the adjudication in bankruptcy, the trustee can have no claim, inasmuch as the discharge has been granted. A discharge is ordinarily a matter of defense, and can only be enforced by the federal court where there seems to be contempt of that court's order, and when the parties are properly brought within its jurisdiction. But in the present instance the title of the trustee is involved, and the comptroller of the city of New York, having been made a party to this proceeding, having appeared and not objected to a determination of the rights of the parties to this fund, except in so far as it may be necessary to protect the city of New York, and inasmuch as the judgment creditor has also been made a party hereto, it must be held that all the funds now in the possession of the city of New York, or any of its officers, and held under the levy of the execution served January 27, 1909, so far as these funds have been attached or made subject to said execution since the 10th day of February, the date of adjudication, will be ordered to be paid over to the bankrupt. The discharge in bankruptcy must be held to have freed the bankrupt's salary from the effect of said execution, in so far as payments subsequent to the date of adjudication are concerned, inasmuch as the judgment under which the execution was levied has been discharged, and inasmuch as the levy cannot be considered to have actually attached until the salary accrued.