CASE 18.—ACTION BY JOSEPH LEVI AGAINST LOEVENHART
& COMPANY.—April 28, 1910.

## Levi v. Loevenhart & Co.

Appeal from Jefferson Circuit Court (Chancery
Branch, First Division).

SHACKELFORD MILLER, Judge.

Judgment for defendants, plaintiff appeals.—Affirmed.

Bankruptcy—Discharge of Bankrupt—Effect.—An employer's
liability, upon accepting an order of an employe directing
the employer to pay to the former's creditor a certain sum
each week out of his wages until a debt was settled, was discharged by the employe's discharge in bankruptcy proceedings, in which the debt to pay which the order was given
was discharged.

SAMUEL A. LEDEMAN and KOHN, BAIRD, SLOSS KOHN
for appellant.

NATHAN KAHN for appellees.

OPINION OF THE COURT BY JUDGE LASSING—Affirming.

On October 1, 1906, Albert G. Metzler, who was
then in the employ of Loevenhart & Co,. gave to
Joseph Levi the following order: "Louisville, Kentucky, October 1, 1906: Messrs. Loevenhart & Co.,
Louisville, Ky.—Gentlemen: Kindly pay to Mr. Jos.
Levi $7.50-100, seven and 50-100 dollars each week,
out of my salary as long as I am in your employ, or
until my indebtedness of $500 to Mr. Jos. Levi is
settled.   [Signed]   Albert G. Metzler"—directing

them to pay to said Levi out of his wages the sum
of $7.50 per week until a debt due him, amounting
at that date to $500, and evidenced by a promissory
note, was satisfied.  Loevenhart & Co. accepted this
order, as appears from the following indorsement
thereon:  "Accepted.  Loevenhart & Co.  Oct. 1st,
1906."    Thereafter,  Metzler filed his petition in
bankruptcy, and was in due time adjudged a bank-
rupt and discharged.   After he became a bankrupt,
Loevenhart & Co. discontinued the payment of the
weekly stipend to Levi, and on March 10, 1908, he
filed suit in the  Jefferson circuit court to compel
Loevenhart & Co. to comply with the terms of the
order and to pay him a balance alleged to be due on
his debt,  amounting  to  $237.50.     He  pleaded,
further, that Metzler was still in the employ of the
defendants, and had been ever since they ceased pay-
ing him as per the order, and that, under the terms of
the order, there was then in their hands, or should
have been, more than enough money, if they had com-
plied with their agreement, to satisfy the balance of
his debt.

A special demurrer and certain motions to strike
were disposed of, and the defendants answered, in
five paragraphs.  The first is a traverse.  The sec-
ond pleads payment by Metzler.  The third pleads
usury in the note to the amount of $265.50.    The
fourth pleads, substantially, that Levi had taken ad-
vantage of the  embarassed  financial condition of
Metzler, and had overreached him, and induced him
to execute an unconscionable contract, the enforce-
ment of which was against a sound public policy, and
that, because of the advantage thus taken of him in
procuring him to execute the contract for $500, when,
as a matter of fact,  he only received $222.85, the

same should not be enforced. In the fifth paragraph he set up the discharge of Metzler by the bankruptcy court, and filed with his answer copies of the order of the federal court for the Western district of Kentucky, showing his adjudication and discharge in bankruptcy, together with a schedule filed by him in said court, in which plaintiff is given as a creditor, and he sought to be relieved from the payment of plaintiff's claim along with others. This adjudication and discharge they pleaded in bar of plaintiff's right to recover.

Plaintiff replied, traversing the allegations of the first, second, third, and fourth paragraphs, and pleaded, in response to the fifth, that he had taken no part in the bankruptcy proceedings, had filed no claim, and, in short, had ignored the proceedings therein. A demurrer was sustained to the fourth and fifth paragraphs of his reply. He declined to plead further, and, over his objection, his petition was dismissed, with judgment for costs. He appeals.

There is really but one question involved on this appeal, and that is whether or not the discharge in bankruptcy satisfied plaintiff's debt and relieved him, and Loevenhart & Co. for him, of any further liability on account of the order and acceptance above set out. It is not seriously denied that the adjudication in bankruptcy discharged the $500 debt which plaintiff held against Metzler; but it is argued that, by this order, plaintiff acquired a property right in Metzler's wages, of which he could not be deprived by the discharge of the bankrupt, and on this theory rests his right to recover. This court has, in a number of cases, held that such an order, given by a debtor to his employer in favor of a creditor, operates as an equitable assignment of the wages design-

ated in the order, and that the title of the creditor to the wages covered by the order is superior to that of any attaching or execution creditor. Holt v. Thurman, 111 Ky. 84, 63 S. W. 280, 23 Ky. Law Rep. 92, 98 Am. St. Rep. 399; Manly v. Bitzer, 91 Ky. 596, 16 S. W. 464, 13 Ky. Law Rep. 166, 34 Am. St. Rep. 242; Boone v. Connelly, 12 Ky. Law Rep. 190. This is the extent to which these cases have held, and the question has arisen only as to the rights of creditors to subject wages that have been earned. The terms of the order were literally complied with by appellees at all times before Metzler's discharge, and it is only with the right of plaintiff to hold them liable for wages not then earned, but to be earned in the future, that we are now called to pass upon.

Undoubtedly the order in question secured to plaintiff an equity—suspended, as it were—which attached immediately that the wages were earned, and secured to him a priority in the earned wages to the extent stipulated in the order superior to that of any other creditor; but such right did not attach until the wages were earned. The order was valid only so long as the indebtedness of plaintiff remained unsatisfied. It is of no higher or greater dignity than the debt. It is merely an agreement that there shall be appropriated out of the debtor's wages a stipulated sum, to be credited on his debt until it is satisfied; i. e., paid or discharged. By his discharge in bankruptcy Metzler settled every debt that he owed—was entirely, completely, and finally relieved from any and all liability on account thereof; and as plaintiff's claim was set up and described in the proceeding in the bankruptcy court as a debt owing by Metzler, it was likewise canceled, satisfied, and settled, and, being settled, the conditions of the order

were fully satisfied, and appellee relieved from all liability thereunder.

This being so, it becomes unnecessary to discuss the further questions of interest raised by counsel in their briefs.

Judgment of the lower court is affirmed.