## Mercer National Bank of Harrodsburg et al. v. White's Executor et al.

(Decided November 18, 1930.)

C. E. RANKIN for appellants.

E. H. GAITHER for appellee Charles B. White's executor.

BRUCE & BULLITT for appellee Mutual Life Insurance Company.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Owing to the depreciation in high-priced lands which he had purchased, Charles B. White, a merchant in Burgin, became financially involved. In addition to his other indebtedness he owed large sums to the Mercer National Bank of Harrodsburg, the Citizens' Bank & Trust Company of Burgin, P. D. Catlin, and K. A. Perkins, and applied to them for additional money to tide him over his difficulties. There was a meeting of his friends and the representatives of the banks at Perryville, in the month of February, 1921. At that meeting they agreed to furnish the money and Mr. White agreed to secure them by a mortgage on all of his property and an assignment of certain insurance policies he was then carrying. The amount of money required being larger than was expected, the transaction was about to fall through when Mr. White proposed that he would take out an additional policy of insurance for $5,000 and assign it along with the other policies. Thereupon the bank and his friends agreed to make the loan. Shortly thereafter Mr. White and his wife executed a mortgage on all of his property to secure the entire indebtedness, both old and new, amounting to $19,240. A few days later he assigned his old policies of insurance and also a new $5,000 policy issued by the Mutual Life Insurance Company of New York. In the spring of 1922 Mr. White filed his petition and was adjudged a bankrupt. He listed as assets all his policies, including the Mutual Life policy. He listed the lenders as creditors holding a mortgage on

his property and a lien on the insurance policies. They each filed claims asserting their lien under the mortgage and by virtue of the assignment of the policies. The surrender or redeemable value of the insurance policies was fixed at $1,600, and they asked that their claims be treated as lien claims and enforced by a sale of property. A general order of sale was entered. The trustees, the Citizens' Bank & Trust Company of Burgin, and the Farmers' Trust Company of Harrodsburg, an adjunct of the Mercer National Bank, made a sale of all the property real and personal and disposed of the insurance policies at their redeemable value. The Equitable policies were surrendered to the company and redeemed for their cash values while Mr. White himself paid the surrender value of the Prudential policy. These amounts were paid to the creditors and applied on their debts. At that time the Mutual Life policy had no surrender value, and appears to have been retained by the assignees. All the premiums thereon were paid by Mr. White. In addition to insuring his life that policy provided for sick benefits. Several years later Mr. White became ill and entitled to sick benefits. As the assignment of the policy appeared on the records of the company the sick benefits were sent to the assignees.

White sued the assignees to recover the sick benefits which they had collected, and to cancel the pledge of the policy. On final hearing plaintiff was granted the relief prayed, and defendants have appealed.

Personal property of every kind may be the subject of a valid pledge. 21 R. C. L., sec. 5, p. 634, 49 C. J., p. 902. And policies of life insurance constitute personal property of a character that may be pledged as security for debt. 37 C. J., sec. 134, p. 428; Hodge v. Ellis, 76 Ga. 272; Coleman v. Anderson, 98 Tex. 570, 86 S. W. 730; Dungan v. Mutual Benefit Life Ins. Co., 46 Md. 469; Jones v. N. Y. Life Ins. Co., 15 Utah 522, 50 P. 620; Widaman v. Hubbard (C. C.) 88 F. 806; Mandeville v. Kent, 88 Hun. 132, 34 N. Y. S. 622; Binkley v. Jarvis, 102 Ill. App. 59; Farmers' & T. Bank v. Johnson, 118 Iowa, 282, 91 N. W. 1074; Pollock v. Smith, 107 Ky. 509, 54 S. W. 740, 21 Ky. Law Rep. 1227; Embry's Adm'r v. Harris, 107 Ky. 61, 52 S. W. 958, 21 Ky. Law Rep. 714.

The pledge of a life insurance policy to secure a debt puts in lien all interest the pledgor has in the insurance contract.

So long as the debt remains unpaid the collateral security given for its payment continues charged with the lien, unless changed by the subsequent contract or conduct of the parties concerned. But the pledgee of insurance policies has no right to the excess proceeds after his debt is deducted. Mutual Benefit Life Ins. Co. v. First National Bank, 160 Ky. 538, 169 S. W. 1028; Wirgman v. Miller, 98 Ky. 620, 33 S. W. 937, 17 Ky. Law Rep. 1174; N. Y. Life Ins. Co. v. Miller, 56 S. W. 975, 22 Ky. Law Rep. 233; Irons v. U. S. Life Ins. Co., 128 Ky. 640, 108 S. W. 904, 33 Ky. Law Rep. 46, 129 Am. St. Rep. 318; Barbour v. Larue, 106 Ky. 546, 51 S. W. 5, 21 Ky. Law Rep. 94; Embry's Adm'r v. Harris, 107 Ky. 61, 52 S. W. 958, 21 Ky. Law Rep. 714; Wrather v. Stacy, 82 S. W. 420, 26 Ky. Law Rep. 683; Lee v. Mutual Life Ins. Co., 82 S. W. 258, 26 Ky. Law Rep. 577; N. Y. Life Ins. Co. v. Brown, 139 Ky. 711, 66 S. W. 613, 23 Ky. Law Rep. 2070; Murnam v. White, 22 S. W. 555, 16 Ky. Law Rep. 241; Radford Grocery Co. v. Powell, 228 Fed. 1.

The assignment or pledge executed by White to his creditors, accompanied by a delivery of the policy of insurance, created a valid lien thereon to the extent of the debts. The lien covered all the rights which the contract gave to White, and under the circumstances, when there was no statute or contract to the contrary, it was the duty of White to pay the premiums necessary to keep the insurance in force, but if he had failed to do so, the pledgees could have paid the premiums and augmented to that extent their liens on the pledged property. 37 C. J. 48, p. 436; Whittaker v. Howard, 7 Ky. Op. 542.

The Bankruptcy Act preserves unimpaired all valid liens existing at the time of the adjudication. Section 67 (11 USCA, sec. 107); 7 Corpus Juris, p. 185, sec. 287; Dale v. Pattison, 234 U. S. 399, 34 S. Ct. 785, 58 L. Ed. 1370, 52 L. R. A. (N. S.) 754; Hiscock v. Varick Bank, 206 U. S. 28, 27 S. Ct. 681, 51 L. Ed. 945; Hanson v. Blake & Co. (D. C.) 155 F. 342; In re Loveland (C. C. A.) 155 F. 838.

"The pledgee has a special property in the thing pledged which entitles him to the possession, to protect which he may maintain detinue, replevin or trover, and the interest of the pledgor is not subject to execution; and the bankruptcy court will not interfere with a sale by a pledgee of the thing pledged, under the power of sale given by the terms of his contract, when there is

no claim that such power is exercised in a fraudulent or oppressive manner.'' 3 R. C. L., sec. 114, p. 290. Hiscock v. Varick Bank, supra; In re Jersey Island Packing Co. (C. C. A.) 138 F. 625, 2 L. R. A. (N. S.) 560; In re Peacock (C. C.) 178 F. 851; In re Browne (D. C.) 104 F. 762; Hanson v. Blake & Co. (D. C.) 155 F. 342; Matthews v. Knickerbocker Trust Co. (C. C. A.) 192 F. 557; In re Mayer (C. C. A.) 157 F. 836; Jerome v. McCarter, 94 U. S. 734, 24 L. Ed. 136.

Insurance policies which have no cash surrender value are exempted from the operation of the Bankruptcy Act (section 70a, subd. 5, USCA sec. 110 (a), subd. 5), since its provisions concern only policies having cash surrender values (USCA title 11, sec. 110, Anno. No. 365). Valid liens on policies of insurance without cash surrender value are not affected in any manner by a bankruptcy proceeding. If the policies have a cash surrender value, although subject to lien for an amount less than the asset value, they must be administered in the bankruptcy proceeding; but when there is no cash surrender value, or it is less than the lien against the policy, the bankruptcy court does not take jurisdiction. Burlingham v. Crouse, 228 U. S. 459, 33 S. Ct. 564, 568; 57 L. Ed. 920, 46 L. R. A. (N. S.) 148, affirming (C. C. A.) 181 F. 479. Policies of insurance without cash value, and those pledged to the full extent of the insured's equity, are treated precisely as exempt property is treated, and the bankrupt is left free to deal with it as he may desire. A trustee in bankruptcy has no interest in a policy of life insurance payable upon the death of the insured to his personal representative, when the insured has previously pledged the policy for a sum equal to or greater than the stipulated surrender value. USCA title 11, sec. 110, Anno. No. 365; Hiscock v. Mertens, 205 U. S. 202, 27 S. Ct. 488, 51 L. Ed. 771. In re Baird, 245 Fed. 50.

In a case where a policy was assigned, not as collateral, but absolutely, the Supreme Court held that the Bankruptcy Act did not contain any provision ''by which the right of the assignee of a policy to the benefits which would have accrued to the bankrupt is limited.'' As the statute was construed, ''its purpose was to vest the surrender value in the trustee for the benefit of the creditors, and not otherwise to limit the bankrupt in dealing with his policy.'' Burlingham v. Crouse, supra. And in the absence of a surrender value, the insurance policy was not affected by bankruptcy.

Although a deposit of collateral upon a debt does not interrupt the running of the statute of limitations, it is a general rule of law that the barring of an action upon such debt through the operation of the statute of limitations does not affect the right of the pledgee to enforce his lien against the pledged property. 21 R. C. L., sec. 23, p. 659; 37 C. J. sec. 21, p. 701; Clay v. Freeman, 118 U. S. 97, 6 S. Ct. 964, 30 L. Ed. 104; Pollock v. Smith, 107 Ky. 509, 54 S. W. 740, 21 Ky. Law Rep. 1227.

In the same manner, and by a parity of reasoning the discharge in bankruptcy, although it extinguishes the personal liability of the bankrupt, as to debts falling within the purview of the act, and exempts his future acquisitions from subjection to such debts, it does not affect the lien on an insurance contract created by a valid pledge. Peck v. Jenness, 7 How. 612, 12 L. Ed. 841; Metcalf v. Barker, 187 U. S. 173, 23 S. Ct. 67, 47 L. Ed. 122.

A discharge in bankruptcy leaves intact all liens except those especially stricken down by the Bankruptcy Act, the effect of a discharge being to release the personal liability only. Such discharge does not affect vested liens acquired more than four months prior to the proceeding in bankruptcy, and the liens may be enforced after a discharge is granted. John Leslie Paper Co. v. Wheeler, 23 N. D. 477, 137 N. W. 412, 42 L. R. A. (N. S.) 292.

It is insisted, however, that the decision of this court in Levi v. Lovenhart, 138 Ky. 133, 127 S. W. 748, 30 L. R. A. (N. S.) 375, 137 Am. St. Rep. 377, compels a different conclusion. It was there held that a discharge in bankruptcy extinguished an assignment of wages in so far as it related to wages earned after the date of the discharge, or adjudication. Cf. 3 R. C. L. sec. 144, p. 322; In re Ludeke (D. C.) 171 F. 292; In re West (D. C.) 128 F. 205; Citizens' Loan Ass'n v. Boston & Maine Railroad, 196 Mass. 528, 82 N. E. 696, 14 L. R. A. (N. S.) 1025, 124 Am. St. Rep. 584, 13 Ann. Cas. 365; In re Home Discount Co. (D. C.) 147 F. 538, and Leitch v. N. P. R. Co., 95 Minn. 35, 103 N. W. 704, 5 Ann. Cas. 63. The distinction between the two cases lies in the fact that no lien was created by the assignment of wages to be earned in the future, but merely a potential right of priority which "did not attach until the wages were earned" The court said (Levi v. Lovenhart, 138 Ky. 133, 127 S. W. 748, 749, 30 L. R. A. (N. S.) 375, 137 Am. St. Rep. 377): "Undoubtedly the order in question secured to plaintiff an equity—

suspended, as it were—which attached immediately that the wages were earned, and secured to him a priority in the earned wages to the extent stipulated in the order superior to that of any other creditor; but such right did not attach until the wages were earned. The order was valid only so long as the indebtedness to plaintiff remained unsatisfied. It is of no higher or greater dignity than the debt. It is merely an agreement that there shall be appropriated out of the debtor's wages a stipulated sum, to be credited on his debt until it is satisfied; i. e., paid or discharged. By his discharge in bankruptcy Metzler settled every debt that he owed—was entirely, completely, and finally relieved from any and all liability on account thereof; and as plaintiff's claim was set up and described in the proceeding in the bankruptcy court as a debt owing to Metzler, it was likewise canceled, satisfied, and settled, and, being settled, the conditions of the order were fully satisfied, and appellee relieved from all liability thereunder.''

The principles there enunciated do not apply to a pledge of a chose in action, such as an insurance policy, to secure a specified debt. The policy is an existing contract, and the premiums necessary to keep it in force may be paid by the pledgee, and do not depend alone upon the exertions of the insured. The lien upon the insurance policy was in existence from the time of the pledge and it was preserved by the express terms of the bankruptcy act. The attaching of the lien did not depend upon any future act and its continuance depended only upon the payment of the premiums, which condition the pledgee could perform. The assignment of wages was but a contract for a future lien upon money that might be earned by the personal labor of the worker, and the lien did not come into being until the work was done. If the laborer did not work, no substitute could act for him, and no wages would be earned. But if the insured failed to pay a premium, the creditor could do so, and thus keep alive a valid lien for the original debt and for the premium. The right to earn wages is not property that passes to the trustee, and in fact is not property at all in the sense that the bankruptcy statute employs the term, but a mere right to create property; and hence an assignment of unearned wages does not create a present lien on property. These material differences in the facts and in the very nature of the things involved distinguish the two cases.

The assignment and pledge of the insurance policy was assailed on other grounds, but the facts shown did not justify a cancellation of the contract of pledge upon any ground.

The pledge of the insurance policy was valid at its inception and continued in full force unaffected by the subsequent bankruptcy proceeding. Although the personal liability of the bankrupt was extinguished by the discharge in bankruptcy, the liens on the insurance policy created by the pledge were not affected.

The circuit court erred in holding that the pledge of the policy was invalidated by the discharge in bankruptcy, and in refusing to enforce the liens of the appellants.

The judgment is reversed, with directions to enter a judgment in accordance with this opinion.

Whole court sitting.