## De Long's Adm'r v. Arnold et al.

December 16, 1947.

E. L. McDonald, Special Judge.

Keenon & Odear for appellant.

Nelson D. Rodes and Chenault Huguely for appellees.

OPINION OF THE COURT BY VAN SANT, COMMISSIONER
—Affirming.

Since we concur in the decision and opinion of the Chancellor, we will adopt his opinion as that of this Court. It follows:

"The petition seeks to recover the benefit of six insurance policies upon the life of William F. DeLong, who died in January, 1945. It is stated in the petition that all of the six policies were assigned by William F. DeLong to T. Yates Hudson to secure certain indebtedness which was also secured by a mortgage on the life estate of said DeLong in 148 acres, more or less, in Boyle County, Kentucky. It is further stated that Hudson obtained judgment against DeLong for $5,402.82 with 6% interest from November 26, 1928 and also procured the sale of the life estate which was sold August 17, 1929 to said Hudson for $900.00, which amount was credited on the judgment.

"It is further alleged that Hudson assigned the judgment to Roy M. Arnold on March 9, 1930 and on March 17, 1930 conveyed to said Arnold the life estate and that he also attempted to assign to Arnold the six life insurance policies without the consent of DeLong, said policies having been assigned to Hudson as trustee for the benefit of William F. DeLong and his estate and were to be held by said Hudson for the purpose of protecting him against any loss by reason of said indebtedness, and that said policies were held by Arnold, if he had any rights thereto at all, as trustee for the benefit of William F. DeLong and his estate.

"The defendant denies that there was any such trust or understanding, asserts that the policies were

validly assigned to said Hudson and by him to Arnold in all instances with notice to and consent of the Insurance Company, and that Arnold as such assignee is entitled to receive the benefits of the policies, the proceeds not being sufficient to pay the balance due on the debt, and premiums amounting to more than $3,000.00 which he paid to keep two of the policies in effect, the others being paid up policies.

"There is no proof of any trust connected with the assignment of the policies either by DeLong to Hudson, or by Hudson to Arnold, or that such assignments were not validly made to secure the debt so reduced to judgment. Not only is there no proof of an agreement that any profits to be derived from the life estate in the farm were to be accounted for or applied on the debt, but the enforced sale indicates to the contrary.

"Although it is argued for plaintiff that in the absence of such an agreement, such consequence would follow on equitable principles of Resulting Trust and of Unjust Enrichment, the facts here do not support such argument.

"The Court caused the sale to be made by its commissioner at the suit of the creditor, as was his right, and its validity as an absolute sale of the life estate cannot thus be questioned.

"It is argued by plaintiff that only two of the policies were assigned as security for this particular debt, but this is not consistent with his pleadings nor with the evidence which seems to clearly show the intention was to secure the debt which was reduced to judgment, there being no showing of any other debt. In addition to the allegations of the petition in this case, there are also the pleadings of DeLong in his case against Hudson, in which he sought to recover the policies, and his written agreement of September 12, 1928, which appears in said case, which would seem to preclude such contention.

"It is argued that the assignment of the policies to Arnold was void because he had no insurable interest in the life of DeLong. It is true that before the assignment to him of the judgment against DeLong and before the conveyance to him of the estate for the life of De-

Long, he seems to have had no insurable interest but by virtue of both of said facts he acquired such an insurable interest, being not only a creditor but interested in the continuance of the life estate in the farm as long as possible. See Shaw v. M. Livingston & Co., 293 Ky. 575, 169 S. W. 2d 612; Cooper's Adm'r v. Lebus' Adm'rs, 262 Ky. 245, 90 S. W. 2d 33; Sandlin's Adm'x v. Allen, 262 Ky. 355, 90 S. W. 2d 350; and Arrowwood v. Duff, 287 Ky. 107, 152 S. W. 2d 291.

"There is no prohibition or limitation upon the power of a creditor to whom the policy has been assigned as security that will prevent him making an assignment of the debt and security to another. See Shaw v. M. Livingston & Co., supra; Mutual Benefit Life Insurance Co. v. Swett, 6 Cir., 222 F. 200, Ann. Cas. 1917B, 298.

"Although the judgment against DeLong, which was so assigned to Arnold, may be barred by the Statute of Limitations so that it is no longer a personal liability of the defendant, or his estate, limitation does not bar the right of recovery on the security of the policies so pledged, either as to the debt secured or as to the premiums which were paid by the pledgee. See Pollock's Adm'r v. Smith, 107 Ky. 509, 54 S. W. 740, 21 Ky. Law Rep. 1227; Mercer National Bank v. White's Ex'r, 236 Ky. 128, 32 S. W. 2d 734; Woods v. Garrard, 282 Ky. 233, 138 S. W. 2d 325.

"It is also contended that the right to resort to the policies for the payment of the debt has been lost by the failure of Hudson to realize on said policies and enforce his rights as against them at the time and in the suit in which he enforced his mortgage on the life estate in the farm. There was, however, no obligation upon the creditor to so proceed nor waiver of his right to hold the policies and recover their full amount on the death of the insured rather than to realize on their cash value at the time. The enforcement of his lien on the life estate did not involve an election to abandon other security on which the cause of action had not accrued.

"It is contended that the attempted assignment by Hudson to Arnold of the policies was void because it was not done with the approval or consent of the insured, DeLong. DeLong, however, did in the first place

assign the policies to Hudson after which he had no further interest in them so far as they were necessary to satisfy the debt. Attention has not been called to any provision requiring his consent to any further assignment of the debt and security by his assignee, and there seems to be no limitation on the right of successive assignments so long as they are not in violation of any provision of the policies. See Mutual Benefit Life Insurance Co. v. Swett, supra.

"The defendant Arnold pleaded as res judicata so far as his rights to the policies are concerned, the judgment entered on April 28, 1945, in the case of William F. DeLong v. T. Yates Hudson in this Court, in which said Arnold was made a defendant on the cross-petition of Hudson. It appears that said judgment was rendered several months after the death of plaintiff, William F. DeLong, and without a revivor of the action, for which reason it is attacked by the plaintiff as invalid. The question of its validity, however, may not be material as the same result will be reached by the judgment in this case."

The rule expressed in Pollock's Adm'r v. Smith, supra, that the running of the Statute of Limitations against a judgment does not bar the right of the creditor to recover the benefits of an insurance policy which have been assigned to him to secure the debt, differs from that in respect to the right of a creditor to enforce a mortgage or lien after the debt has been tolled by the Statute. The reason is that an assignment is complete, valid, and transfers ownership and possession at its inception, subject to the assignor's right of redemption upon payment of the debt; whereas, in the case of a mortgage or lien, the transaction is not complete at its inception, and neither title nor possession passes upon the execution of the instrument.

The judgment is affirmed.