George L. GALLAHER, Appellant,

v.

AMERICAN–AMICABLE LIFE INS. CO.
et al., Appellee.

No. 4934.

Court of Civil Appeals of Texas,
Waco.

Jan. 14, 1971.

Rehearings Denied Feb. 4, 1971.

G. Stanley Rentz, Waco, Lorimer Brown, Harlingen, for appellant.

Tom Ragland, L. Wayne Scott, for appellee.

## OPINION

WILSON, Justice.

Appellant Gallaher brought this declaratory judgment action against the named beneficiary in a life insurance policy and the insurer, alleging he is entitled to the proceeds of the policy by an assignment to him executed by the deceased insured. The insurer deposited the proceeds in the registry as a stakeholder by interpleader. After a non-jury trial in which findings and conclusions were filed, judgment was rendered that Gallaher take nothing, and the named beneficiary recover the proceeds.

Insured executed an "assignment of life insurance policy as collateral" to Gallaher in 1952. This assignment provided it was "subject to all the terms and conditions of the policy", and was made "as collateral security for any and all liabilities of the undersigned to the assignee, either now existing or that may hereafter arise in the ordinary course of business" between them; and that any balance after payment of "existing liabilities" should be paid to the named beneficiary. The policy provided: "Any claim made under an assignment shall be subject to satisfactory proof of the interest and extent thereof".

Gallaher pleaded and proved that at the time of insured's death in 1968 he was indebted to Gallaher in the sum of $5,293.97, an amount in excess of the policy proceeds. The named beneficiary pleaded, among other defenses, that if there was such a debt it was barred by limitation and unenforceable.

The indebtedness of insured to Gallaher was represented by a chattel mortgage note executed in 1953, due in 1954, reciting it was for value received. It is Gallaher's position that since this debt was not released, extinguished or destroyed by the running of the period of limitation, the debt is an "existing liability" under the terms of the assignment, notwithstanding the limitation period has run on the note.

The actual question is whether the defense of limitation on the note is available to the named beneficiary so as to preclude recovery of the policy proceeds by the assignee. In our opinion the defense of limitation by the beneficiary will not defeat the assignee's recovery.

■■ The preliminary general rules applicable here were outlined by Chief Justice Gallaher in Central Nat. Bank v. Latham & Co. (Tex.Civ.App., 1929, writ ref.), 22 S.W.2d 765, 768: (1) the fact that an action for recovery of a debt is barred by limitation does not destroy the debt, and the creditor's right to receive payment continues after the bar; and (2) the right of the holder of collateral security to recover in a suit on the collateral obligation is not affected by the fact the principal obligation is barred.

■ As a general rule, also, the defense of limitation may not be interposed by one not in the position of the debtor. Columbia Ave. Saving Fund, etc. v. Strawn (1899), 93 Tex. 48, 53 S.W. 342; and is a personal privilege which may be asserted or waived at the election of the debtor or those in privity. Cases cited, 37 Tex.Jur. 2d, Limitation of Actions, Sec. 25.

■ The application of these principles to proceeds of a life insurance policy assigned to secure payment of a debt on which the period of limitation has run at the time of insured's death is the present problem.

The following are the only decisions on the question to be decided which our research has produced: These authorities support the rule that the assignee is entitled to recover the proceeds of a life insurance policy assigned as collateral even though his debt to the insured assignor is barred by limitation: Charlotte Nat. Bank v. Mutual Benefit Life Ins. Co. (1936), 210

N.C. 140, 185 S.E. 648, 650; Pollock's Adm'r v. Smith (1900), 107 Ky. 509, 54 S. W. 740, 741; Conway v. Caswell (1904), 121 Ga. 254, 48 S.E. 956, 958; Hill v. Bush (1936), 192 Ark. 181, 90 S.W.2d 490, 493; Lanier v. Shuman (1943), 195 Ga. 245, 24 S.E.2d 55, 58; Potter Title & Trust Co. v. Berkshire Life Ins. Co. (1944) 156 Pa.Super. 1, 39 A.2d 268, 270; 2A Appleman, Insurance (1966) Sec. 1313, p. 530; 83 A.L.R. 80; 160 A.L.R. 1393; Couch, Insurance 2d (1967), Sec. 63.459, p. 127; First Nat. Bank v. Security Mut. Life Ins. Co. (1920), 283 Mo. 336, 222 S. W. 832. See De Long's Adm'r v. Arnold (1947), 306 Ky. 290, 206 S.W.2d 928. Cf. National Life & Accident Ins. Co. v. Hines (Tex.Civ.App., 1932, n. w. h.), 50 S.W.2d 364, 365; Harde v. Germania Life Ins. Co. (Tex.Civ.App.1913 n. w. h.), 153 S.W. 666, 669.[1]

Appellee relies on Washington Life Ins. Co. v. Gooding (1898, writ ref.), 19 Tex. Civ.App. 490, 49 S.W. 123. If that case holds what appellee says it stands for, it is the only such decision we have discovered. In our opinion the case does not support that position, but since it is the only authority containing language favorable to appellee, we apply a detailed analysis:

The creditor-assignee in the Gooding case was not a party to the suit; it was brought by the named beneficiary, widow of insured, against the insurer, which pleaded in defense of the beneficiary's action that the policy had been assigned to a creditor (not a party to the suit) as collateral to secure payment of a note. The court rejected the insurer's defense, holding the note had been extinguished by constructive payment. The insurer had not pleaded limitation; payment was the defense which was given effect. The court then, in this setting, where limitation was not an issue, but where the insurer on appeal urged the debt was barred, stated the

I. Robinson v. Exchange Nat. Bank of Tulsa, D.C., 28 F.Supp. 244, contrary to the uniform rule, held the collateral assignment of a life insurance policy created a lien, and applied an Oklahoma statute providing the lien was extinguished when the debt was barred by limitation.

dictum that "when the note became barred, Mrs. Gooding could effectively plead limitation in any legal proceeding brought by the owner of the note to realize upon the security for the purpose of satisfying the barred debt". Since this question was not before the court (the creditor not having brought such proceeding) the dictum is not given the effect of a holding, and we do not give effect to it as authority.

Gallaher urges the insurer is not entitled, under the undisputed facts, to the status of stakeholder or the remedy of interpleader. His reasons are that there was no basis for reasonable doubt as to his right to recover; and because, he says, the beneficiary made no claim on the company's form for the proceeds, as he did. We reject the argument. The policy required "due proof of death on the company's forms". This proof was filed by Gallaher. The policy named appellee as beneficiary. Gallaher's assignment was on file with the insurer. The suit by Gallaher is against appellee beneficiary and the insurer. He himself alleged appellee was insisting on rights to the proceeds. Appellee's pleading asserted her adverse interest and claim.

It has not been so clear as appellant asserts that he is entitled to the proceeds. The trial court ruled against him, and it has required extensive research on our part to determine the proper outcome of the controversy. There clearly existed a basis for reasonable doubt as to which of the conflicting claimants was entitled to the fund, and that the insurer might "be exposed to multiple liability" under the terms of Rule 43, Texas Rules of Civil Procedure. Interpleader was properly allowed. Employers' Casualty Co. v. Rockwall County, 120 Tex. 441, 35 S.W.2d 690, 693, syl. 10; Nixon v. Malone, 100 Tex. 250, 98 S.W. 380. Appellant's other points are overruled.

That portion of the judgment directing interpleader, discharging the insurer and allowing attorney's fees is affirmed. The remainder of the judgment is reversed and judgment here rendered that appellant Gallaher recover $2,303.85 in the registry of the court, and the clerk is directed to deliver the same to him. Costs on appeal are taxed ⅒ against appellant, ⁹⁄₁₀ against appellee Roach.