CHARLOTTE NATIONAL BANK v. MUTUAL BENEFIT LIFE INSURANCE COMPANY AND JOE R. KLUTZ, ADMINISTRATOR OF JOHN D. HEATH, DECEASED.

(Filed 20 May, 1936.)

1. **Limitation of Actions B a—Assignee's right of action for proceeds of life policy assigned accrues upon death of assignor.**

Insured assigned a policy of insurance on his life as collateral security for his note executed to plaintiff bank. More than ten years elapsed after maturity of the note without payment of interest or principal. Thereafter, insured assignor died and the bank instituted this action less than one year after his death to recover the proceeds of the policy against insurer, which action was resisted by the administrator of insured assignor. *Held:* The bank assignee's right of action on the policy of insurance accrued upon the death of insured assignor, and the action having been instituted within one year thereof, was not barred by the statute of limitations.

**2. Limitation of Actions A a—**

The statute of limitations bars the remedy upon the lapse of the prescribed time, but does not extinguish the right, and the creditor may proceed to collect on collateral security assigned by the debtor even after action upon the principal debt is barred.

APPEAL by defendant Joe R. Klutz, administrator, from *Alley, J.,* at October Term, 1935, of MECKLENBURG. No error.

This is an action to recover on a policy of life insurance.

The action was begun by the Charlotte National Bank, as plaintiff, against the Mutual Benefit Life Insurance Company, as defendant, on ..... January, 1934. After the action was begun, and while it was pending, Joe R. Klutz, administrator of John D. Heath, deceased, on his own motion, was made a party defendant, and in defense of plaintiff's recovery set up in his answer the three-year and the ten-year statutes of limitations.

The facts shown by the evidence at the trial are as follows:

On 30 June, 1898, the defendant Mutual Benefit Life Insurance Company issued a policy of insurance on the life of John D. Heath, by which it promised to pay to his estate, at his death, the sum of $5,000. The insured, John D. Heath, paid all the premiums on said policy until 7 February, 1903, when he transferred and assigned said policy, subject to the lien of the company for a loan made to him, to the plaintiff Charlotte National Bank, as security for his note for $1,500, payable to said bank. All premiums due on the policy after it had been transferred and assigned to the plaintiff, together with the interest on the indebtedness of the insured to the company, were paid by the plaintiff.

On 24 January, 1916, as evidence of the amount of his indebtedness to the plaintiff, then due, the insured, John D. Heath, executed and delivered to the plaintiff his note in words and figures as follows:

"$4,560.30.                    CHARLOTTE, N. C., Jan'y. 24, 1916.

"One day after date, for value received, the undersigned promises to pay to the Charlotte National Bank, or order, at its banking house in the city of Charlotte, N. C., four thousand five hundred sixty and 30/100 Dollars ($4,560.30), having deposited with said bank as collateral security for the payment of this note, as well as for the payment of all other obligations or liabilities, direct or contingent, of the undersigned to said bank, due or to become due, whether now existing or hereafter arising or acquired by said bank, the following property, viz.:

"Policy No. 260817, for $5,000.00, in Mutual Benefit Life Ins. Co., of Newark, N. J., and thirty shares stock Dry-Heath-Miller Co.

"All parties to this instrument hereby waive demand, protest, and notice of its dishonor, and agree that the time of payment of any of the obligations or liabilities herein referred to may be extended from time to time without notice to any of them, and without thereby releasing any of the rights of the said bank.

(Signed)    JOHN D. HEATH."

No payment was made on said note by the maker, John D. Heath, who died on 3 November, 1933. The amount due on said note at the date of his death was $9,424.64. The net amount due on the policy at the death of the insured was $4,707.91. By consent, this amount was paid by the defendant Mutual Benefit Life Insurance Company into the office of the clerk of the Superior Court of Mecklenburg County, and is held by said clerk, subject to the judgment in this action.

At the close of all the evidence the defendant Joe R. Klutz, administrator, moved that the action be dismissed by judgment as of nonsuit. The motion was denied, and defendant excepted.

The 1st, 2d, 3d, 4th, and 5th issues submitted to the jury were answered by consent as follows:

"1. Was the policy of insurance set out in the pleadings assigned as collateral security by John D. Heath to the Charlotte National Bank, to secure the payment of the indebtedness of the said Heath to the said bank, the last renewal of said indebtedness being evidenced by the note dated 24 January, 1916, for $4,560.30? Answer: 'Yes.'

"2. Was any payment made on said note by John D. Heath between 24 January, 1916, the date of said note, and 3 November, 1933, the date of his death? Answer: 'No.'

"3. What was the amount of said indebtedness as evidenced by said note at the death of John D. Heath on 3 November, 1933? Answer: '$9,424.64.'

"4. What was the net amount payable under said policy at the death of John D. Heath, and paid into court? Answer: '$4,707.91.'

"5. Is the plaintiff's note barred by the statute of limitations, as alleged in the answer? Answer: 'Yes.'"

The 6th and 7th issues submitted to the jury were answered in accordance with peremptory instructions of the court as follows:

"6. Is the plaintiff's claim to the proceeds of the insurance policy set out in the pleadings barred by the three-year statute of limitations, as alleged in the answer? Answer: 'No.'

"7. Is the plaintiff's claim to the proceeds of the insurance policy set out in the pleadings barred by the ten-year statute of limitations, as alleged in the answer? Answer: 'No.'"

The defendant Joe R. Klutz, administrator, in apt time duly excepted· to the peremptory instructions of the court to the jury, with respect to the 6th and 7th issues.

From judgment that plaintiff recover of the defendant Mutual Benefit Life Insurance Company the sum of $4,707.91, and the costs of the action, and directing the clerk to pay said sum now in his hands to the plaintiff, the defendant Joe R. Klutz, administrator, appealed to the Supreme Court, assigning errors based on his exceptions noted during the trial.

*Pharr & Bell for plaintiff.*
*Lee Smith and R. L. Smith & Son for defendants.*

CONNOR, J.   The defendant on his appeal to this Court contends that all the evidence at the trial of this action shows that the action was barred by the three-year and also by the ten-year statutes of limitation, and that it was therefore error for the trial court to refuse to allow his motion at the close of all the evidence for judgment as of nonsuit, and to instruct the jury peremptorily to answer the 6th and 7th issues "No." These contentions cannot be sustained.

This is an action to recover on a policy of insurance issued by the defendant Mutual Benefit Life Insurance Company on the life of John D. Heath.   The cause of action alleged in the complaint, and sustained by the evidence at the trial, accrued at the death of the insured, John D. Heath.   He died on 3 November, 1933.   This action was begun on ...... January, 1934, and is therefore not barred by either the three-year or the ten-year statutes of limitation.

This is not an action to recover of the defendant Joe R. Klutz, administrator of John D. Heath, deceased, on the note which was executed by his intestate on 24 January, 1916, and which was due one day after its date.   It is not contended by the defendant that the note has been paid or otherwise discharged.   It is conceded that an action on the note would be barred by the three-year statute of limitations. There is no presumption, however, that the note has been paid or discharged.   The statute of limitations, if pleaded by the defendant in an action to recover on the note, would bar a recovery by the plaintiff, but it does not affect the right of the plaintiff in this action, as assignee of the policy, to recover the proceeds of the policy, and to apply the same to the payment of its note.   See *Capehart v. Dettrick,* 91 N. C., 344, which is a conclusive authority in support of the refusal of the trial court to allow defendant's motion at the close of all the evidence for judgment as of nonsuit, and in support of its peremptory instructions to the jury with respect to the 6th and 7th issues.   In that case it is

·said that there is a clear distinction between the loss of a particular remedy and the extinguishment of a right. This Court quotes with approval the following remark of Lord Eldon in *Spears v. Hartley,* 3 Esp., 31: "I am clearly of opinion that though the statute of limitations has run against a demand, if the creditor obtains possession of goods on which he has a lien for a general balance, he may hold them for that demand by virtue of his lien." In the instant case, the plaintiff had possession as assignee of the policy, which had been duly assigned to it by the insured, and is therefore entitled not only to recover of the insurer the proceeds of the policy, but also to hold such proceeds as against the personal representative of the insured.

The judgment is affirmed.

No error.