## Woods et al. v. Garrard et al.

March 8, 1940.

William Lewis, Special Judge.

234

Roy W. House and A. D. Hall for appellants.

John S. Deering, T. T. Burchell and Jouett & Metcalf for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This action was filed as one in ejectment by the appellees, E. G. Garrard and the Winchester Bank, executor of Nellie McDowell Garrard, who alleged that they were the owners of three tracts of land described in the petition containing respectively 72½ acres, 53 acres and 130 acres, all tracts being contiguous and forming one boundary. The appellant, Robert Woods, filed answer denying title of the appellees and, while the answer was not styled a counterclaim, he asserted title in himself to the three identical tracts described in the petition. Judgment was entered awarding the land to appellees and quieting their title thereto and from that judgment this appeal is prosecuted.

While the action was filed as a common law action in ejectment, it was later transferred to equity on motion of appellees without objection and the trial proceeded as an equitable action under Kentucky Statutes, Section 11. No complaint is made on this appeal as to the action of the trial court in so doing. In any event the procedure seems to have been justified under the decision in Bennett v. Parsons, 226 Ky. 782, 11 S. W. (2d) 935.

The appellant, Robert Woods, claimed title to the three tracts of land by adverse possession and introduced a number of witnesses who testified that he had been in the actual adverse possession of at least certain portions of the three tracts of land as much as thirty or forty years ago. It is urged on this appeal that the evidence clearly established such adverse possession by

appellant and that the trial court was in error in failing to adjudge that he had acquired title thereby.

The evidence for appellees showed beyond question that the three tracts of land in controversy were a part of the Jenkins patent, being tracts numbers 741, 746 and 747 embraced in that patent. Appellees were the owners of this Jenkins patent at the time of the trial. Prior to May 1, 1929 appellee, E. G. Garrard, was the owner of a $\frac{5}{8}$ interest in the Jenkins patent and on that date he conveyed to appellant this $\frac{5}{8}$ interest, which conveyance was accepted by appellant, who failed to pay the purchase money for which a lien was retained in the deed. E. G. Garrard brought suit against appellant for the unpaid purchase money and obtained judgment by virtue of which the $\frac{5}{8}$ interest in the Jenkins patent was sold by the Master Commissioner and Garrard became the purchaser and deed was executed to him on April 24, 1933. In the settlement of the partnership of Garrard brothers the Jenkins patent was sold as a whole and purchased by appellee, E. G. Garrard, on December 18, 1936. In the year 1928 the Fordson Company, then the owner of the Jenkins patent, leased to appellant the three identical tracts of land described in the petition and appellant under this lease became the tenant of the Fordson Company as to these three tracts.

It thus becomes apparent that appellant did not have actual adverse possession of the land in the year 1928 as the taking of the lease from the Fordson Company was inconsistent with adverse possession on his part. At least, if he had had adverse possession of the land at the time of taking the lease, the taking of the lease amounted to a renunciation of such adverse possession because, as tenant of the Fordson Company, he was estopped from denying the title of his landlord. Again, his acceptance of the deed from E. G. Garrard to a $\frac{5}{8}$ interest in the Jenkins patent on May 1, 1929, seems to be inconsistent with his claim of ownership. In any event when E. G. Garrard purchased the $\frac{5}{8}$ interest of appellant in the Jenkins patent at the foreclosure sale, appellant thereby became divested of such title to the land as he had.

It may well be doubted that the evidence offered by appellant as to adverse possession of the land was suf-

ficient to establish it, because it was vague and uncertain as to any claim to a well defined boundary, but the evidence shows conclusively that if he ever had or claimed any portion of this land for himself hostile to the holders of the paper title prior to 1929, he disclaimed and abandoned such adverse possession when he accepted the lease from the Fordson Company in 1928 and a deed from Garrard in 1929. If appellant ever had adverse possession sufficient to ripen into title, he was necessarily divested thereof by the foreclosure proceedings against him and execution of the deed to E. G. Garrard on April 24, 1933.

It is contended by appellant that the deed of April 24, 1933, under which appellees claim title was champertous and void because at the time of the execution of this deed he, the appellant, was then in actual adverse possession of the land. We see no merit in this contention however, as the champerty statute, Section 210, Kentucky Statutes, has no application to a deed made pursuant to foreclosure proceedings against one in possession of the land claiming title thereto. The very title that he has is divested by a sale made pursuant to the judgment in such foreclosure proceedings and the purchaser at such a sale becomes entitled to a writ of possession.

From the conclusions enunciated it is apparent that the chancellor was correct in adjudging that the appellees were the owners of the land in controversy and entitled to the possession thereof.

Judgment affirmed.